**William F. LITTLEFIELD, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–281 Erie.**

United States District Court, W.D. Pennsylvania.

Aug. 6, 1986.

Michael E. Dunlavey, North East, Pa., for plaintiff.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action seeking a reversal of the Secretary's decision to deny plaintiff's request for Social Security Disability Benefits. Plaintiff filed an application for benefits on February 24, 1982, alleging that he became totally disabled on May 14, 1981. The application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration. Following a hearing, the Administrative Law Judge (ALJ) issued a decision on April 11, 1983 denying plaintiff's request for benefits. Plaintiff appealed to this court. On cross motions for summary judgment, the district court remanded the case to the Secretary for further consideration on May 10, 1984. On remand, a hearing was held before ALJ Grenville W. Harrop, Jr. and on September 27, 1984, ALJ Harrop issued an opinion that plaintiff was disabled within the meaning of the Act since May 14, 1981. The ALJ found plaintiff had chronic lumbar disc syndrome and nerve root compression symdrome and that his pain and limitations were credible and consistent with the medical records. The ALJ found that plaintiff was unable to perform his past relevant work as an oiler, greaser and repairer of heavy equipment. The ALJ also concluded that due to pain, physical limitations and other nonexertional limitations, plaintiff could not be expected to make a vocational adjustment to work that exists in significant numbers in the national economy.

No appeal was taken from this decision by plaintiff, and the Appeals Council gave plaintiff no notice of an intention to review the ALJ's decision. Plaintiff's counsel contacted the Social Security Administration on a number of occasions inquiring when benefits would be forthcoming. Then on June 19, 1985, the Office of Hearings and Appeals issued a decision reversing the September 27, 1984 findings of the ALJ. It is this June 19, 1985 decision which plaintiff now appeals. Cross-motions for summary judgment have been filed and the motions have been fully briefed by the parties.

Plaintiff advances two arguments on this appeal:

1. The failure of the Secretary to notify plaintiff that it was contesting the decision of the ALJ made on September 27, 1984 constitutes a denial of due process, and

2. The decision of the Appeals Council in reversing the ALJ is not supported by substantial evidence and ignores credibility findings made by the ALJ.

Since we believe that plaintiff's first argument is dispositive, we need not consider the second.

A case recently decided by the Third Circuit, *Powell v. Heckler,* 789 F.2d 176 (3d Cir.1986), provides controlling law on the due process argument. In *Powell,* a plaintiff who was granted a period of disability by the ALJ, requested that the Appeals Council review only the onset date. Without further proceedings or notification, the Appeals Council notified plaintiff that his request for review had been granted *and* that the Appeals Council had reversed the ALJ, finding plaintiff ineligible for any benefits. The date of onset was not addressed by the Appeals Council. The District Court affirmed the Secretary. On appeal, the Third Circuit held that the Appeals Council had an obligation, under 20 C.F.R. § 404.969 of its own regulations, to provide notice within 60 days of the ALJ's hearing decision of its intention to undertake a broader review than the one which plaintiff sought. Failing such notice, the

Appeals Council was not permitted to review *sua sponte* questions clearly beyond those framed by the plaintiff. The Third Circuit reversed and remanded for the sole purpose of determining onset date.

In accord with the *Powell* opinion, we find that the Secretary's failure to give notice to plaintiff of its intention to review a favorable determination by the ALJ as required by 20 C.F.R. § 404.969 of the agency's own regulations, and the Secretary's issuance of a decision reversing the ALJ after a 9 month delay violates basic notions of fairness. For this reason we reverse the decision of the Appeals Council which was adopted by the Secretary, and we reinstate the decision of ALJ Harrop which found plaintiff eligible for disability benefits with an onset date of May 14, 1981.

An appropriate order will be issued.