William F. LITTLEFIELD

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Appellant.

Nos. 86–3601, 86–3689.

United States Court of Appeals, Third Circuit.

Argued April 7, 1987.

Decided July 16, 1987.

---

Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst. Regional Counsel, Marjorie J. Scharpf (argued), Asst. Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., J. Alan Johnson, U.S. Atty., Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for appellant.

Michael E. Dunlavey (argued), North East, Pa., for appellee.

Before SLOVITER and BECKER, Circuit Judges, and FISHER, District Judge [*]

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

The Secretary of Health and Human Services appeals from the order of the district court granting summary judgment to plain-

[*] Hon. Clarkson S. Fisher, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

tiff William Littlefield and directing that disability benefits be awarded plaintiff in accordance with a recommended decision by the Administrative Law Judge (ALJ). *Littlefield v. Bowen,* 642 F.Supp. 282 (W.D.Pa.1986). The district court believed this result was required by our decision in *Powell v. Heckler,* 789 F.2d 176 (3d Cir.1986). We conclude that the district court erred in applying the holding of *Powell,* governing procedural requirements when the Appeals Council reviews an Administrative Law Judge decision on its own motion, to this case, which involves Appeals Council review of an ALJ's recommended decision favorable to the plaintiff following remand from the district court.

## I.

Littlefield filed an application for disability benefits under Title II of the Social Security Act on February 24, 1982, claiming to have been disabled since May 14, 1981 as a result of chronic pain associated with a back injury. Following a hearing, the ALJ found that Littlefield was not disabled. The Appeals Council denied Littlefield's request for review, and Littlefield subsequently filed an action in the district court under 42 U.S.C. § 405(g) challenging the Secretary's decision denying Littlefield disability benefits.

Cross-motions for summary judgment were filed, and the district court, after receiving the Magistrate's recommendation that the case be remanded to the Secretary for more specific findings, including whether Littlefield's subjective complaints of pain in light of other medical evidence indicate pain "so severe and so continuous as to render the Plaintiff incapable of carrying on any occupation suitable to the Plaintiff's age, education, work experience, and residual functional capacity," App. at 39, remanded to the Secretary for analysis and evaluation in accordance with the Magistrate's report and recommendation. App. at 30. This order was not appealed.

On remand, the Appeals Council vacated its denial of Littlefield's request for review and the decision of the ALJ, and remanded the case to an ALJ with orders to conduct proceedings and return a recommended de-

cision to the Appeals Council consistent with the district court's order. The Appeals Council's order further provided that:

> The claimant and attorney shall be given the opportunity to file with the Appeals Council, within 20 days from the date of notice of the recommended decision, briefs or other written statements of exceptions and comments as to applicable facts and law. After the 20–day period has expired, the Appeals Council will review the record and issue its decision.

App. at 29. This notice was in the form required by 20 C.F.R. § 404.977(c).

On September 27, 1984, the ALJ issued a "Recommended Decision" concluding that Littlefield's pain and limitations are credible, that he is unable to return to his past heavy work, that his combination of pain and medical impairment prevents him from performing even sedentary work, that he has no transferable work skills, that in light of Littlefield's exertional and nonexertional limitations he cannot be expected to make a vocational adjustment to work which exists in significant numbers in the national economy, and that he is therefore entitled to disability benefits. The notice accompanying the recommended decision stated:

> You are hereby notified of your right to file briefs or other written statements of exceptions and comments as to applicable facts and law.
>
> .    .    .    .    .
>
> After the time granted for filing briefs and written statements has expired, the Appeals Council will review the record and issue its decision.

App. at 20.

Littlefield, who was represented by counsel, did not file a brief with the Appeals Council. However, his counsel contacted the Social Security Administration on a number of occasions inquiring as to the status of his claim and received no response. On June 19, 1985, nine months after the ALJ's recommended decision, the Appeals Council issued its decision rejecting the ALJ's findings in the Recommended Decision that Littlefield's pain allegations

are credible and consistent with the medical record and that Littlefield cannot make a vocational adjustment to work that exists in significant numbers in the national economy. App. at 15. The Appeals Council concluded that Littlefield is capable of performing a wide range of sedentary work and that he is not disabled. App. at 19.

Littlefield appealed the Secretary's denial of disability benefits to the district court. Upon cross motions for summary judgment, the district court held that under this court's decision in *Powell v. Heckler*, 789 F.2d 176 (3d Cir.1986), the Secretary's failure to give notice within 60 days of her intention to review the favorable September 27, 1984 recommended decision of the ALJ was not in compliance with 20 C.F.R. § 404.969, and that the issuance of a decision reversing the ALJ after a nine-month delay violated basic notions of fairness. Accordingly, the district court, without addressing the merits of Littlefield's claim to disability benefits, reversed the decision of the Appeals Council and found Littlefield entitled to benefits as of May 14, 1981. The Secretary appeals.

## II.

The claimant in *Powell v. Heckler* had been found to be disabled by the ALJ following an initial hearing; he requested Appeals Council review solely on the question of the date of onset of his disability. More than nine months following the ALJ's decision, the Appeals Council notified Powell that his request for review had been granted but that upon an evaluation of the entire record, the Council concluded that Powell was not under a disability. The district court gave summary judgment for the Secretary. On appeal, we held that where a claimant makes a timely application pursuant to 20 C.F.R. § 404.967 for review of a limited issue, the Appeals Council must give notice within 60 days of the ALJ decision as required by 20 C.F.R. § 404.969 if it intends to undertake review on the merits beyond those framed by the claimant. Because the Appeals Council failed to give timely notice of its intention to make a broader review of the record, it was limited

to the onset date issue raised by Powell. 789 F.2d at 178–79.

In *Powell*, the relevant regulations governing Appeals Council review of an ALJ initial decision were 20 C.F.R. § 404.967, governing review on request of a dissatisfied party, and 20 C.F.R. § 404.969, governing review initiated by the Appeals Council itself. Ordinarily, in the absence of such review, the decision of the ALJ is binding on all parties to the hearing. 20 C.F.R. § 404.955. In contrast, there are different regulations applicable to agency determinations following a remand from federal court. The relevant regulation, 20 C.F.R. § 404.983, provides in part:

> When a Federal court remands a case to the Appeals Council for further consideration, the Appeals Council may make a decision, or it may remand the case to an administrative law judge with instructions to take action and return the case to the Appeals Council with a recommended decision.

It is evident from the regulations that there is a significant distinction between an ALJ "initial decision" and an ALJ's "recommended decision". *See* 20 C.F.R. § 404.-953(b) (distinguishing between "initial decision" and "recommended decision"); 20 C.F.R. § 404.955 (distinguishing ALJ "decision" from "recommended decision"); 20 C.F.R. § 404.977(a) (same); 20 C.F.R. § 404.979 (distinguishing "hearing decision" from "recommended decision").

The distinction is not merely one of nomenclature. The regulations make clear that where the Appeals Council remands to an ALJ for the purpose of issuing a recommended decision, it is the Appeals Council that has the ultimate responsibility for issuing the decision. Thus, 20 C.F.R. § 404.-977(e)(1) provides that, "The Appeals Council, after receiving a recommended decision, will conduct its proceedings and issue *its* decision according to the procedures explain[ed] in this subpart" (emphasis added). This distinction is reiterated in 20 C.F.R. § 404.979, which provides that the Appeals Council may "affirm, modify or reverse" an initial decision whereas it may "adopt, modify or reject" a recommended decision.

Finally, it is explicitly provided in 20 C.F.R. § 404.955(e) that there is no binding effect to an ALJ recommended decision directed to the Appeals Council. Indeed, the very term "recommended decision" itself indicates that the decision is not binding.[1]

■ Unlike the regulations addressed in *Powell v. Heckler,* there is no "ambiguity, conflict or outright silence in the applicable regulatory framework" regarding the scope of Appeals Council review of recommended decisions following remand. 789 F.2d at 180. The regulatory scheme makes it patent that on remand from a court the regulatory decision is to be made by the Appeals Council, not by the ALJ.

■ Littlefield suggests that the regulations as interpreted would present a problem of proper notice. In *Powell,* we held that the 60–day notice requirement of § 404.969 must be applied so that the claimant would have notice of the question before the Appeals Council. 789 F.2d at 178. However, the regulations referred to above give a claimant constructive notice that when an ALJ returns a case to the Appeals Council with a recommended decision, all aspects of that decision are before the Council. Moreover, the notices sent to Littlefield clearly informed him that he could not rely on the recommended decision of the ALJ and that the Appeals Council would "review the record and issue its decision." App. at 29. Similar notice was given during the ALJ hearing,[2] and when the ALJ issued the recommended decision. App. at 20. Littlefield had ample actual notice. Accordingly, the district court erred in holding that the Secretary failed to give the notice required by the regulations. *Accord Scott v. Bowen,* 808 F.2d 1428 (11th

Cir.1987). (Because the ALJ's decision on remand was a "recommended decision", the Appeals Council was not required to give the claimant 60 days' notice of its intention to review the ALJ's decision).[3]

### III.

The other reason given by the district court for its order was that the Secretary's issuance of a decision reversing the ALJ after a nearly nine-month delay "violates basic notions of fairness." App. at 14. Insofar as Littlefield and the district court relied on *Powell* for the principle that the nine-month delay was unreasonable, we reiterate that the regulation in *Powell* required that the Appeals Council give notice within 60 days that it would review the ALJ decision on its own motion. The regulations governing review of a recommended ALJ decision impose no specific time requirement for Appeals Council action.

Littlefield argues that the delay was violative of due process and of both the Social Security Act, 42 U.S.C. § 405(b), and the Administrative Procedure Act, 5 U.S.C. § 555(b) (an agency must conclude a matter before it "within a reasonable time"). The Secretary argues that in light of the large volume of Social Security disability cases processed by the Social Security Administration and by the Appeals Council, the delay was not so unreasonable as to offend notions of fairness or due process. She points to statistics in the public record showing that in fiscal year 1985, during the pendency of Littlefield's remand, the Appeals Council disposed of over 67,000 cases.[4]

---

1. *See Guerrero v. State of New Jersey,* 643 F.2d 148 (3d Cir.1981) (procedure whereby an administrative law judge hears cases in the first instance and submits a recommended decision to an administrative tribunal does not violate due process).

2. During the hearing on remand, the ALJ stated: Mr. Littlefield I will be rendering a recommended decision in your case. The Appeals Council will be rendering the decision but I will be rendering a recommended decision. Transcript at 242.

3. The *Scott* case was decided under the regulations applicable to claims under Title XVI of the Social Security Act, 20 C.F.R. §§ 416.101–.2227, which are identical in substance to the regulations at issue in this case, applicable to claims under Title II of the Social Security Act.

4. *See* House Comm. on Ways and Means, 99th Cong., 2nd Sess., Background Material and Data on Programs Within the Jurisdiction of the Committee on Ways and Means 117–118 (Comm. Print 99–14 1986).

The question whether Congress intended to impose any mandatory deadline in connection with the processing of Social Security disability claims was specifically considered by the Supreme Court in *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). The Court reviewed the legislative history and noted that, "Congress repeatedly has been made aware of the long delays associated with resolutions of disputed disability claims and repeatedly has considered and expressly rejected suggestions that mandatory deadlines be imposed to cure that problem." *Id.* at 111, 104 S.Ct. at 2253. The Court stated further, "Certainly in Congress the concern that mandatory deadlines would jeopardize the quality and uniformity of agency decisions has prevailed over considerations of timeliness." *Id.* at 114, 104 S.Ct. at 2255. Accordingly, the Court held that the federal courts could not prescribe mandatory deadlines with respect to the processing of Social Security disability claims. *Id.* at 119, 104 S.Ct. at 2257.[5] The *Day* case fully disposes of Littlefield's statutory argument based on the nine-month delay.

We also conclude that a delay of nine months between the issuance of a recommended decision and the issuance of a final decision by the Appeals Council does not violate due process. The amount of time does not approach the delay of three years and nine months from the filing of an application for a disabled child's annuity until issuance of a final agency decision which we held in *Kelly v. R.R. Retirement Bd.*, 625 F.2d 486, 490–91 (3d Cir.1980), was so long as to violate due process. In that case, we rejected the Board's argument that the delay was caused by a backlog of cases and limited resources, and stated that "[w]hatever its internal problems, the Board has the power to implement regulations that would accelerate the agency review process. Four years is totally out of phase with the requirements of fairness." *Id.* at 491. The *Kelly* case must be distinguished from cases holding shorter delays in processing claims did not violate due process. *See Givens v. United States R.R. Retirement Bd.*, 720 F.2d 196, 201 (D.C. Cir.1983), *cert. denied* 469 U.S. 870, 105 S.Ct. 219, 83 L.Ed.2d 149 (1984) (19 month delay in processing a claim for railroad retirement benefits did not violate due process where there was no evidence that the Board had deliberately delayed action on the claimant's application so as to avoid paying benefits under a statutory grandfathering provision); *Frock v. United States R.R. Retirement Bd.*, 685 F.2d 1041, 1047 n. 13 (7th Cir.1982), *cert. denied,* 459 U.S. 1201, 103 S.Ct. 1185, 75 L.Ed.2d 432 (1983) (two year delay). *Cf. Mathews v. Eldridge,* 424 U.S. 319, 340–43, 96 S.Ct. 893, 905–07, 47 L.Ed.2d 18 (1976) (Court, distinguishing between disabled workers and terminated welfare recipients, refused to require a pretermination hearing for Social Security disability benefit recipients even though the delay between a request for a hearing before an ALJ and a decision on a claim was between ten and eleven months, and the delay between cutoff benefits and final decision after a hearing exceeded one year). Morever, there is no allegation of bad faith, a dilatory attitude, or a lack of evenhandedness by the Secretary. *See Wright v. Califano,* 587 F.2d 345, 353 (7th Cir.1978).[6]

Littlefield argues that the Appeals Council members who issued the ultimate deci-

---

**5.** Littlefield suggests that the Secretary should be held to deadlines suggested by the Secretary in an October 1980 report to Congress pursuant to a congressional directive to recommend appropriate and realistic deadlines for resolution of disputed Social Security claims. *See Heckler v. Day,* 467 U.S. at 113–14, 104 S.Ct. at 2254–55. However, as the Court in *Day* noted, "Since receiving the Secretary's report, Congress has refused to impose mandatory deadlines on the Secretary, or to direct her to promulgate them herself." *Id.* at 114, 104 S.Ct. at 2255.

**6.** The Second Circuit cases relied upon by Littlefield in which time limits were imposed on the Secretary for taking certain administrative action in processing claims, *see, e.g., Sharpe v. Harris,* 621 F.2d 530, 531 (2d Cir.1980); *Barnett v. Califano,* 580 F.2d 28, 31–33 (2d Cir.1978); *White v. Mathews,* 559 F.2d 852, 858–61 (2d Cir.1977), are of questionable precedential value following the Supreme Court's opinion in *Day.*

sion should have acted more promptly because they issued the order remanding the case to the ALJ and therefore were presumably familiar with the administrative record. However, we are unwilling to speculate solely on the basis of a remand order as to the members' familiarity with the record, nor are we willing to presume the amount of time required by the members to review the record and issue a decision. While we understand the frustration of claimants who await a final decision on their application for disability benefits, we cannot find that the delay in this case is so long as to represent a violation of Littlefield's due process rights.[7]

### IV.

■ Littlefield argues that in light of the five-year delay since the initial filing of his disability application, this court should reach his contention that there is insufficient evidence to support the Appeals Council's denial of benefits. He argues that because we directed the payment of benefits to disability claimants without remand to the Secretary in *Gilliland v. Heckler*, 786 F.2d 178, 184–85 (3d Cir.1986), and *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir.1984), we should do so here based on the evidence in the record. However, in each of those cases the district court had ruled on the merits of the claimant's position on disability before the appeal was taken.

As we stated above, in this case the district court never reached the disability question because it disposed of the case on procedural grounds. For prudential reasons, particularly because the decision turns upon an evaluation of facts, the matter should be considered in the first instance by the district court. Although we recognize the hardship borne by Littlefield in the delay of considering the merits of his claim, we will remand this case to the district court to consider Littlefield's contention that the Secretary's decision was not supported by substantial evidence.

In support of his merits claim, Littlefield has filed a motion in this court to supplement his brief with 15 pages of medical reports and records of treatments rendered subsequent to the hearing in the district court. If Littlefield does not prevail in the district court on the basis of the administrative record adduced before the Secretary, that court may then consider the manner in which to treat the additional medical evidence proffered by Littlefield. *See* 42 U.S.C. § 405(g); *see also Szubak v. Secretary of Health and Human Services*, 745 F.2d 831 (3d Cir.1984) (per curiam); *Stewart v. Secretary of Health, Education and Welfare*, 714 F.2d 287, 290–91 (3d Cir.1983).

At oral argument before this court both parties undertook to brief the merits of this case within a matter of weeks in the event of a remand to the district court. That court has been sensitive to the delays already incurred in this case, and we are confident that the matter will proceed expeditiously. For the reasons set forth above, the order of the district court awarding benefits will be reversed and the case will be remanded to the district court for further proceedings consistent with this opinion.

---

7. Littlefield has also argued that the five-year delay since the initial filing of an application for benefits violates due process and the relevant statutory requirements. However, much of the time expended is the result of Littlefield's two appeals from final agency decisions, which we cannot attribute to the Secretary. *Cf. United States v. Loud Hawk*, 474 U.S. 302, ——, 106 S.Ct. 648, 657, 88 L.Ed.2d 640 (1986) (delay caused by pretrial appeal by criminal defendant generally not basis for Sixth Amendment speedy trial claim).