John **CHRUPCALA**, Appellant,

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 86–1469.**

United States Court of Appeals, Third Circuit.

Argued Feb. 11, 1987.

Decided Sept. 28, 1987.

David L. Hill (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Edward T. Ellis, U.S. Atty's Office, James Tinnyo (argued), DHHS/OGC/Region III, Philadelphia, Pa., for appellee.

Before HIGGINBOTHAM, STAPLETON, Circuit Judges, and RODRIGUEZ,* District Judge.

## OPINION OF THE COURT

RODRIGUEZ, District Judge:

This is an appeal from an order of the United States District Court for the East-ern District of Pennsylvania which granted summary judgment to the Secretary of Health and Human Services ("the Secretary"). This court has jurisdiction under 28 U.S.C. § 1291 (1982) to review the decision of the district court. The question presented by this appeal is whether, pursuant to an order of the district court remanding a case to the Secretary for a further hearing, the Secretary is empowered to examine issues other than those that were actually raised by the claimant in his civil action brought in the district court appealing the Secretary's final decision.

I.

Appellant John Chrupcala applied for disability insurance benefits and Supplemental Security Income on October 14, 1981. This application was denied initially and on reconsideration. Appellant requested a hearing before an administrative law judge ("ALJ") and the hearing was held on June 1, 1982. The ALJ determined that appellant was disabled during the period March 15, 1981 to October 3, 1982. Appellant then requested the Appeals Council to review the ALJ's decision that appellant's disability ceased on October 3, 1982, and on June 3, 1983 the Appeals Council denied this request.[1]

Appellant filed an action in the district court, contending that the ALJ's determination that plaintiff's disability ended on October 3, 1982 was not supported by substantial evidence. On April 2, 1984 the district court remanded the case to the Secretary for a further administrative hearing. On August 28, 1984 the Appeals Council notified appellant that in light of the district court's remand order, the Council was vacating its previous denial of appellant's request for review as well as the

---

* Honorable Joseph H. Rodriguez, United States District Judge for the District of New Jersey, sitting by designation.

1. Record evidence demonstrates the limited nature of appellant's request for review. On the relevant federal form, appellant checked the box indicating that his was a "CLAIM FOR ... *Continuance* of Disability Benefits." Record at 6 (emphasis added). In addition, appellant there expressed his "reasons for disagreement" with the first ALJ as follows: "I feel my disability shld. continue *as I am disabled....*" *Id.* (same). Finally, this form offered the assurance that "[t]he APPEALS COUNCIL w[ould] notify [appellant] of its action *on [his] request. Id.* (same).

ALJ's decision, and that it was remanding the case to another ALJ for further proceedings consistent with the district court's remand order.[2]

The new hearing was held on March 28, 1985. At the inception of the hearing, during which appellant was represented by a paralegal, the ALJ informed the appellant that the findings of the previous ALJ no longer had any force or effect and that this new ALJ was required "to make a completely new and independent decision with regard to your disability from the date of your application from the onset date of 1981 through to the current time." Record at 225. Appellant stated that he understood this. *Id.* On May 7, 1985, more than one month after the hearing, the ALJ inquired of the Appeals Council as to the appropriate scope of his review of the case. On June 21, 1985 the Appeals Council informed the ALJ that because its remand had vacated the previous ALJ's decision, the scope of review was the same as it had been before that ALJ: whether the claimant was disabled at any time from the alleged onset date of disability through the date of the new ALJ's decision. Record at 204. The ALJ then issued a recommended decision which proposed to determine that appellant was not entitled to any period of disability or any benefits whatever. On August 27, 1985 a Notice of Recommended Decision was sent to the appellant, along with a copy of the recommended decision.[3] The notice informed appellant that:

> You and your representative have the right to file briefs or statements about the recommended decision with the Appeals Council within twenty days from the date of this notice. If you cannot

meet the 20–day deadline, please write to the Appeals Council immediately. The Appeals Council may give you more time if you can show that you have a good reason....

The Appeals Council will make its decision after considering the evidence and the recommended decision in your case, including any additional material you or your representative may have sent. A copy of the Appeals Council decision will be mailed to you and to your representative.

Appellant did not submit any brief or statement concerning the recommended decision, and on November 20, 1985 the Appeals Council issued a decision modifying the ALJ's findings in certain respects, but adopting the ALJ's recommended decision that appellant was not entitled to a period of disability or any benefits.

Appellant then filed an action in the district court, contending, *inter alia*, that the Appeals Council did not have the authority to undertake review of the first ALJ's decision when it did so. The district court found that because appellant was given notice that the second ALJ hearing would be *de novo* and failed to challenge it after having the opportunity to do so, appellant waived any alleged impropriety. *See* Memorandum Opinion and Order of the District Court at 10. In arriving at this conclusion the district court distinguished this court's opinion in *Powell v. Heckler*, 789 F.2d 176 (3d Cir.1986), stating that "[t]he review of the ALJ's decision in the case *sub judice* was not initiated under either of [the] regulations [addressed in *Powell* ] and they are not applicable to this case."[4]

---

2. The notice further informed appellant:
   [T]he administrative law judge shall take such further action that may be necessary to complete the administrative record. Upon completion of all proceedings, the administrative law judge shall return the case with a recommended decision. The claimant and attorney shall be given the opportunity to file with the Appeals Council, within 20 days from the date of notice of the recommended decision, briefs or other written statements of exceptions and comments as to applicable facts and law. After the 20–day period has expired, the Appeals Council will review the record and issue its decision.

3. A copy was also sent to appellant's attorney.

4. *Powell* construed 20 C.F.R. §§ 404.967 and 404.969 which provide:
   § 404.967 Appeals Council review-general.
   If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. The Appeals Council shall notify the parties at their last known address of the action it takes.

## II.

In *Powell* the court held that:

[W]here a claimant makes timely application pursuant to 20 C.F.R. § 404.967 for review of a limited issue, such as date of onset, the Appeals Council's obligation, under 20 C.F.R. § 404.969, to provide notice within 60 days of a hearing decision of its intention to undertake a broader or full review on the merits is not abrogated, and failing · such notice the Appeals Council may not review *sua sponte* questions clearly beyond those framed by the claimant.

789 F.2d at 179. The district court held that because the Appeals Council's review in this case was not *sua sponte* but was pursuant to the district court's order, the 60–day limitation period of 20 C.F.R. § 404.969 was inapplicable. While it is true that the Appeals Council's action here was taken following the district court's remand order, that order was silent as to the extent of review that was to be undertaken upon the further administrative hearing that the district court ordered. 20 C.F.R. § 404.983 provides:

When a Federal court remands a case to the Appeals Council for further consideration, the Appeals Council may make a decision, or it may remand the case to an administrative law judge with instructions to take action and return the case to the Appeals Council with a recommended decision. If the case is remanded by the Appeals Council, the procedures explained in § 404.977 will be followed.

This section and § 404.977 provide no clear guidance as to the scope of issues that may be reviewed when the district court remands a case to the Secretary. However, two recent cases from other circuits offer us assistance in defining the scope of the Secretary's authority to review issues in the circumstances of this case.

In *Kennedy v. Bowen,* 814 F.2d 1523, 1526 (11th Cir.1987), the Eleventh Circuit, agreeing with this circuit's opinion in *Powell,* stated that "in the case of a claimant-initiated review the appeals council must give reasonable notice to the claimant of its intent to revisit an issue decided favorably to the claimant below which the claimant is not challenging on appeal." The *Kennedy* court grounded its decision in 20 C.F.R. § 404.973, which provides that "[w]hen the Appeals Council decides to review a case, it shall mail notice to all parties at their last known address stating the reasons for the review *and the issues to be considered.*" (emphasis added). The *Kennedy* court also held that § 404.973 was applicable to both claimant-initiated and Appeals Council "own-motion" reviews. *Id.* at 1527.

In *McCuin v. Secretary,* 817 F.2d 161 (1st Cir.1987), the court held that the reopening provisions of the Secretary's regulations can only be invoked on the motion of the claimant and not on the Secretary's own initiative. The *McCuin* court expressed its agreement with the claimant's argument that allowing the Appeals Council to initiate reopening would render the 60–day time limit of 20 C.F.R. § 404.969 meaningless, stating that "[t]he Secretary's interpretation leaves the sixty-day time limit ... largely illusory." *Id.* at 170. Significantly, the issue in *McCuin* did not arise under §§ 404.967 or 404.969 of the regulations, but, as in this case, at a later time after the Secretary's decision had become final. Nevertheless, § 404.969 continued to apply to bar the Secretary from instituting review after the 60–day time limit had expired.

In both *Powell* and *Kennedy* the expanded Appeals Council review was undertaken outside the 60–day period for Appeals Council-initiated review, but at a time when the cases were properly before the Appeals Council pursuant to timely filed claimant-initiated requests for review. A final decision of the Secretary had not yet been rendered in those cases. In this case, how-

---

§ 404.969 Appeals Council initiates review.

Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

ever, as in *McCuin,* the Secretary's decision had become final.

As in *McCuin,* the fact that this case did not arise from an Appeals Council review under § 404.969 does not render that section inapplicable. Rather, once the 60–day period during which the Appeals Council may itself decide to review a hearing decision has expired, § 404.969 serves to bar the Appeals Council from delving into issues not appealed by the claimant.

This court's recent decision in *Littlefield v. Heckler,* 824 F.2d 242 (3d Cir.1987), is consistent with our holding in this case. In *Littlefield* the claimant appealed to the district court the Secretary's final decision finding him not disabled. Following the district court's remand, an ALJ issued a recommended decision which proposed to determine that the claimant was disabled and thus entitled to benefits. Nine months after the ALJ's issuance of his recommended decision, the Appeals Council issued its decision rejecting the ALJ's findings and determining that the claimant was not disabled. The district court held that under *Powell* the nine month delay violated basic notions of fairness. On appeal, this circuit held that *Powell* did not apply to invalidate the Appeals Council's decision. The court distinguished "recommended decisions" of an ALJ from "initial decisions," "hearing decisions," and "decisions." *Id.* at 245.

> The regulations make clear that where the Appeals Council remands to an ALJ for the purpose of issuing a recommended decision, it is the Appeals Council that has the ultimate responsibility for issuing the decision.... [T]here is no binding effect to an ALJ recommended decision directed to the Appeals Council.

*Id.* at 245–46. The *Littlefield* court further stated:

> Unlike the regulations addressed in *Powell v. Heckler,* there is no "ambiguity, conflict or outright silence in the applica-

ble regulatory framework" regarding the scope of Appeals Council review of recommended decisions following remand. 789 F.2d at 180. The regulatory scheme makes it patent that on remand from a court the regulatory decision is to be made by the Appeals Council, not by the ALJ.

*Id.* at 246. Inasmuch as the ALJ's recommended decision in *Littlefield* was not a "hearing decision" within the meaning of 20 C.F.R. § 404.969, the Appeals Council's obligation under that section to act within 60 days, if at all, was not triggered. Here the decision at issue is a hearing decision which served to commence the running of the 60 day limitation period. Furthermore, this case concerns the permissible scope of review which the Secretary may exercise when a case is remanded from the district court, whereas *Littlefield* concerned the permissible scope of the Appeals Council's review of an ALJ's recommended, and thus not final, decision.

### III.

Our decision today respects the important concept of finality which, "as embodied in such doctrines as collateral estoppel and res judicata, is '[a] fundamental precept of common law adjudication, ...'" *McCuin,* 817 F.2d at 172 (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). The *McCuin* court placed great weight on the principle of finality, stating:

> The reopening power claimed by the Secretary takes away the finality that adjudication normally affords. This lack of finality, essentially a problem of substantive due process, spawns a problem of procedural due process: the impossibility of giving Medicare recipients fair notice of the Secretary's intentions.

*Id.* Absent adequate notice,[5] the appellant had no reason to question the finality of

---

5. The notice afforded to appellant that all issues in his case would be reviewed *de novo* was of dubious adequacy. Only at the inception of the second hearing was appellant informed of this fact. Even after this the ALJ himself sought clarification of the appropriate scope of his re-

view. "[T]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187,

the unappealed portions of the Secretary's decision.[6]

The district court found that "[appellant] had his opportunity to challenge the *de novo* hearing, and his failure to do so constitutes a waiver of the alleged impropriety." Memorandum op. at 10. In view of our holding that the Secretary was not empowered to undertake his expanded review on the remand, appellant's failure to object to his doing so is legally inconsequential.

### IV.

Our ruling that appellant's closed period of disability remains intact requires us to address appellant's contention that the "medical improvement" standard enunciated in *Kuzmin v. Schweiker,* 714 F.2d 1233 (3d Cir.1983) is applicable to the Secretary's decision that appellant's disability ceased on October 3, 1982. The *Kuzmin* court held that when the Secretary seeks to terminate a disability recipient's benefits, once the recipient has introduced evidence that his condition remains essentially the same as it was at the time of the earlier determination,[7] the burden shifts to the Secretary to present evidence of sufficient improvement in the claimant's condition to enable him to undertake gainful activity. *Id.* at 1237.

Fairness would certainly seem to require an adequate showing of medical improvement whenever an ALJ determines that disability should be limited to a specified period. The district court here determined that this case was neither a termination case nor a closed period case based on the fact that the closed period determination had been vacated following the district court's remand. In light of our ruling that the closed period of disability be reinstated,

however, the medical improvement standard becomes applicable to this case.

Appellant urges the court to hold that his disability did not cease on October 3, 1982. He argues that because two ALJ hearings have already been held, the Secretary has had an opportunity to introduce evidence conforming to the medical improvement standard and he claims that the record on the whole establishes that appellant's condition has actually deteriorated since the closure of his disability period.

The first ALJ stated in his decision:

The claimant has satisfactorily established disability under the Act, from March 15, 1981, through October 3, 1982. The evidence shows that during this period of time he suffered from a severely disabling combination of hypertension, diabetes mellitus, lumbosacral sprain and strain and epicondylitis in his left upper extremity, with persistently severe pain on mild physical exertion, headaches, ringing sensation in his ears, and drowsiness and blurred vision as a side effect of pain medication. As a result, he was so limited and restricted that he was unable to satisfactorily perform even a sedentary job on a sustained daily basis in competitive employment, at that time. The medical evidence contains a reasonable medical bases [sic] for the claimant's severely disabling subjective complaints, during that period of time.

He further stated, however, that

[B]y October 4, 1982, the claimant's medical condition no longer prevented him from satisfactorily engaging in substantial gainful activity. This conclusion is supported by the medical report of Dr. Richard V. Kubiak, a consultative orthopedic surgeon, which shows the absence of any significant abnormalities on clinical examination of the claimant on Octo-

---

1191, 14 L.Ed.2d 62 (1965)). "The purpose of notice under the Due Process Clause is to apprise the affected individual of, *and permit adequate preparation for,* an impending 'hearing.'" *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 14, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978) (emphasis added).

**6.** The Appeals Council's denial of appellant's request for review of the initial ALJ decision

constituted the final decision of the Secretary. *See Rankin v. Heckler,* 761 F.2d 936 (3d Cir. 1985).

**7.** The claimant's introduction of evidence that his condition continues gives rise to a presumption of continuing disability. *Kuzmin,* 714 F.2d at 1238.

ber 4, 1982, and medical assessment of the claimant's physical capacities by Dr. Kubiak, which shows reasonable physical capacities for sedentary work on that date.

The ALJ thus determined, based on Dr. Kubiak's report, that appellant had shown sufficient medical improvement by October 4, 1982 to enable him to engage in substantial gainful activity.

■ Pursuant to the remand orders of the district court and the Appeals Council, it was appropriate for the second ALJ to assess as he did appellant's condition after October 3, 1982, since that was the issue which appellant had appealed to the Appeals Council and to the district court. The second ALJ considered the evidence which the first ALJ had considered, as well as appellant's testimony, the reports of various physicians who treated appellant after October 3, 1982, and the opinion of a vocational expert. In determining that appellant was not under a disability, the second ALJ made a series of findings which were modified by the Appeals Council. The Appeals Council found, *inter alia,* that "[t]he claimant's allegations of constant and severe pain have not been supported by the evidence and are not considered credible in light of the record." Record at 200. Dr. Silvia Ferretti, one of appellant's treating physicians, stated in her August 1, 1984 report her impression that appellant suffered from right ankle sprain and strain, fibromyalgia rheumatica, diabetes mellitus, and hypertension. Record at 392. In her report of August 15, 1984, Dr. Ferretti stated "I feel this patient has along with a possible fibromyalgia type of syndrome, also a chronic pain syndrome...." Record at 393. She also stated in a third report:

Mr. Chrupcala was seen in our office many, many times for fibromyositis syndrome, with multiple joint pains.

As you know, we tried for eight sessions, electrical acutherapy, which is electrical stimulation over acupuncture points for pain control....

[O]nly mild improvement was noted in his knees.

The November 30, 1984 report of Dr. David Bevan, another of appellant's treating physicians, reflects that "[p]ersistent multiple joint pains, nonarticular and articular in nature, persisted with major problems involving the left shoulder and left knee as well as the lumbar spine." Record at 375. Dr. Bevan diagnosed osteoarthritis, degenerative changes in left acromioclavicular separation—left shoulder, nonarticular rheumatism—fibrositis, diabetes mellitus, and hypertension.

42 U.S.C. § 423(d)(5)(A) (Supp.1987) provides in part:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph ... would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.[8]

---

8. 20 C.F.R. § 404.1529 provides:

If you have a physical or mental impairment, you may have symptoms (like pain, shortness of breath, weakness or nervousness). We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

No challenges have been leveled against the techniques by which Doctors Ferretti and Bevan arrived at their respective impressions and diagnoses. The medical conditions from which appellant suffers could reasonably be expected to produce the pain that appellant alleges he has. The reports of Dr. Kubiak and Dr. M. Jaffari that appellant suffered from no serious orthopedic impairments are not inconsistent with this. Appellant's testimony regarding his pain was uncontradicted. It is therefore apparent that the Appeals Council's finding—that appellant's testimony regarding pain was not supported by the evidence and therefore not credible—was not based on substantial evidence. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir.1981) (substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

This, in turn, means that there was not substantial evidence to support the Appeals Council's finding that "there are a significant number of jobs in the national economy which he could perform...." Record at 200. This finding was based on the response of vocational expert Robert Wolf to a hypothetical question that the ALJ posed to him.[9] Appellant argues that the vocational expert's opinion was deficient because it failed to take account of all of appellant's impairments. The hypothetical question that the ALJ posed did not reflect the fact of constant and severe pain which appellant testified to and which we have explained was supported by objective medical findings in the record.[10] A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence. *Podedworny v. Harris,* 745 F.2d 210 (3d Cir. 1984); *Wallace v. Secretary,* 722 F.2d 1150 (3d Cir.1983).

In our view, the Secretary has not met the burden imposed upon him to present evidence of sufficient improvement in appellant's condition to allow him to undertake substantial gainful activity.

V.

The judgment of the district court is reversed and the case is remanded to the Appeals Council with an instruction to reinstate its initial determination that appellant is entitled to a period of disability and benefits from March 15, 1981 to October 3, 1982. The Appeals Council is further instructed to conduct additional proceedings to determine if, at any time after October 3, 1982 and considering all of appellant's

9. The hypothetical question was asked as follows:

Q. I'm intrigued with what Mr. Chrupcala said about having filled out some applications for nightcashier, security guard and so forth, now, assuming that Mr. Chrupcala is unable to stand and walk around for prolonged periods of time, or remain seated for a prolonged periods [sic] of time and as a result of this, if he can engage in any work activity at all, if it's work activity that would permit him to alternately sit or stand intermittently.

Also assume that he is unable to lift and carry more than 10 pounds. Now, I've noted a couple of things in the discussion with Mr. Chrupcala, a cashier 2—we mentioned Photomat, self-service gas station, nigh [sic] cashiers at an AMPM, you know, where you could sit on a stool or stand and does not involve—you know, very light weight items, primarily making change. Also stationary security guard I mentioned, in an apartment or someplace where you sit in a little booth mainly to control access of the buildings and so forth, based on your knowledge and expertise would the job of say, cashier 2, stationary security guard, motel clerk, would they be consistent with the functional capacity I've layed out? Running credit cards through a credit card machine, handing out room keys or answering a telephone now and then, for instande[sic] the motel clerk, not required to carry any moneys, not including motel job, because motel clerks generally have to carry money?

Record at 259–260.

10. Pain itself may constitute a disabling impairment. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir.1981); *Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985). Complaints of pain must be seriously considered, even where not fully supported by objective medical evidence. *Id.* Where such complaints are supported by medical evidence, the ALJ may not discount them without contrary medical evidence. *Green v. Schweiker,* 749 F.2d 1066, 1070 (3d Cir.1984); *Smith,* 637 F.2d at 972; *Ferguson,* 765 F.2d at 37.

impairments which are supported by the evidence, appellant's condition improved to the point where he was able to engage in substantial gainful activity.