Irene L. REAGAN, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 88–1645.

United States Court of Appeals,
First Circuit.

Submitted Dec. 9, 1988.

Decided March 21, 1989.

Robert L. Thompson and Seufert &
Thompson, P.C., Concord, N.H., on brief,
for appellant.

Thomas D. Ramsey, Asst. Regional
Counsel, Dept. of Health and Human Ser-
vices, Richard V. Wiebusch, U.S. Atty.,
Concord, N.H., and Gretchen Leah Witt,
Asst. U.S. Atty., on brief, for appellee.

Before COFFIN, BREYER and
SELYA, Circuit Judges.

PER CURIAM.

Claimant Irene Reagan on April 13, 1984
filed applications for Social Security disabil-
ity benefits and for Supplemental Security
Income benefits. After the Secretary de-
nied benefits, claimant appealed the denial
to the district court. Upon motion by the
Secretary, the district court remanded the
case to the Secretary for reconsideration in
light of the newly-promulgated regulations
governing mental impairments. The Ap-
peals Council in turn remanded the case to
an Administrative Law Judge ("ALJ") for
further proceedings and for preparation of
a recommended decision. On July 23, 1986,
the ALJ issued a recommended decision
recommending that claimant be found dis-
abled. On September 26, 1986, the Appeals
Council declined to adopt the ALJ's recom-
mended decision, and remanded the case to
the ALJ for further proceedings and a new
recommended decision. Subsequently, the
ALJ issued a new recommended decision
finding that claimant was not disabled.
The Appeals Council adopted that recom-
mended decision, which then became the
final decision of the Secretary.

Claimant sought review of the Secre-
tary's ruling in the district court. Claimant
raised two objections: 1) that the Appeals
Council exceeded its authority under the
governing regulations and the Social Secur-
ity Act, and denied claimant due process of
law, when it declined to adopt the ALJ's
July 23, 1986 recommended decision finding
disability, and 2) that the Secretary's deci-
sion was not supported by substantial evi-

dence. The district court rejected both contentions and affirmed the Secretary. Claimant appeals. On appeal, claimant presses only her objection to the propriety of the Secretary's proceedings under the regulations, the Act, and the Constitution. Claimant does not maintain her objection to the evidentiary support for the substance of the Secretary's findings. We affirm the judgment of the district court.

Claimant's contention that the procedure followed by the Secretary contravened the governing regulations is based upon the provisions of 20 C.F.R. §§ 404.969 and 416.-1469. These provisions both state:

"*Appeals Council initiates review.* Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address."

(The applicable regulations in 20 C.F.R., Part 404 governing procedures in Social Security disability cases and the corresponding regulations in 20 C.F.R., Part 416 governing procedures in Supplemental Security Income cases are identical). Claimant points to the fact that the Appeals Council's refusal to adopt the ALJ's findings and conclusions was issued sixty-five days after the issuance of the ALJ's recommended decision. Claimant asserts that this violates the above-quoted provision, which imposes a sixty-day limit upon review of an ALJ's decision by the Appeals Council on its own motion. Accordingly, claimant argues, the Appeals Council was without authority under the regulations to decline to adopt the ALJ's findings.

Claimant's argument must fail because it takes no account of the fundamental distinction under the governing regulations between a "decision" of the ALJ and a "recommended decision" of the ALJ. The regulations draw this distinction clearly. *See Littlefield v. Heckler,* 824 F.2d 242, 245–46 (3d Cir.1987); *Scott v. Bowen,* 808 F.2d 1428, 1430 (11th Cir.1987). For exam-

ple, sections 404.953(b) and 416.1453(c) state,

"*Recommended decision.* Although an administrative law judge will usually make an initial decision, where appropriate he or she may send the case to the Appeals Council with a recommended decision. Also, if a Federal district court remands a case to the Appeals Council, and the Appeals Council remands the case to an administrative law judge the case must be returned to the Appeals Council with a recommended decision."

Sections 404.977(a) and 416.1477(a) refer to the distinction in stating, "The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision." Finally, the same distinction is made under 20 C.F.R. §§ 404.-979 and 416.1479: "The Appeals Council may affirm, modify or reverse the hearing decision or it may adopt, modify or reject a recommended decision."

■ A "decision" by an ALJ is final unless review by the Appeals Council is sought. A claimant may seek such review within sixty days under 20 C.F.R. §§ 404.-968, 416.1468. The Appeals Council, under the provisions on which claimant relies, may undertake such review on its own motion within sixty days under 20 C.F.R. §§ 404.969, 416.1469. A "recommended decision," on the other hand, is merely a recommendation to the Appeals Council that the Council may adopt, modify, or reject. A recommended decision cannot become final merely upon the expiration of a designated review period without review being sought; it gains final and binding status only upon express adoption by the Appeals Council. Accordingly, 20 C.F.R. §§ 404.955, 416.1455 provide:

"The decision of the administrative law judge is binding on all parties to the hearing unless—

(a) You or another party request a review of the decision by the Appeals Council within the stated time period, and the Appeals Council reviews your case;

. . . .

or (e) The decision is a recommended decision directed to the Appeals Council."

*See Littlefield, supra,* 824 F.2d at 245–46. Whereas, again, the regulations impose a sixty-day time limit upon the Appeals Council's power to undertake review of an ALJ's "decision" on its own motion, nowhere do the regulations impose any time limit within which the Council must determine whether it will adopt, modify, or reject a "recommended decision." *See Scott, supra,* 808 F.2d at 1431.

There can be no doubt in this case that the ALJ's ruling in fact was a recommended decision and that claimant received adequate notice that it was. The regulations make it clear that, following a remand from a federal court, as in the instant case, the Appeals Council can remand to the ALJ only for a recommended decision, not for a decision. Sections 404.953(b) and 416.1453(c) provide, again, that "if a Federal district court remands a case to the Appeals Council, and the Appeals Council remands the case to an administrative law judge the case must be returned to the Appeals Council with a recommended decision." The point is reiterated in §§ 404.983 and 416.1483: "When a Federal court remands a case to the Appeals Council for further consideration, the Appeals Council may make a decision, or it may remand the case to an administrative law judge with instructions to take action and return the case to the Appeals Council with a recommended decision." *See Littlefield, supra,* 824 F.2d at 245; *Scott, supra,* 808 F.2d at 1430–31.

Furthermore, the Appeals Council's remand order to the ALJ spelled out the fact that this was to be a recommended decision, stating:

"Upon completion of all proceedings, the administrative law judge shall return the case to the Appeals Council with a recommended decision including a completed Psychiatric Review Technique form. The claimant and attorney shall be given the opportunity to file with the Appeals Council, within 20 days from the date of notice of the recommended decision, briefs or other written statements of exceptions and comments as to applicable facts and law. After the 20–day period has expired, the Appeals Council will review the record and issue its decision."

The ALJ's decision itself was headed "Recommended Decision" and expressly stated, in its final sentence, "This decision is a recommended decision only, and the Appeals Council will make the final determination in this case." The decision was accompanied by a notice to claimant which pointed out,

"You and your representative have the right to file briefs or statements about the recommended decision with the Appeals Council within twenty days from the date of this notice. . . . The Appeals Council will make its decision after considering the evidence and the recommended decision in your case, including any additional material you or your representative may have sent."

Both the above-quoted regulations and the Secretary's above-quoted notices to claimant compel the conclusion that the ALJ issued a "recommended decision" that would be reviewed by the Appeals Council free of any regulatory time constraint, and that claimant received ample notice, both constructive and actual, to that effect. *See Littlefield, supra,* 824 F.2d at 246 (similar notice held adequate to inform claimant of the nature and consequences of the ALJ's recommended decision).

■ Claimant further argues that, even if the regulations impose no express time limit, the Social Security Act and the due process clause of the Constitution require that the Appeals Council act within a reasonable time. However, the Supreme Court in *Heckler v. Day,* 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), rejected the claim that the federal courts could prescribe mandatory deadlines under the Act for the processing of Social Security disability claims. The Court noted, "Congress repeatedly has been made aware of the long delays associated with resolution of disputed disability claims and repeatedly has considered and expressly rejected sug-

gestions that mandatory deadlines be imposed to cure that problem." *Id.* at 111, 104 S.Ct. at 2253. The Court held, "In light of Congress' continuing concern that mandatory deadlines would subordinate quality to timeliness, ... it hardly could have contemplated that courts should have authority to impose the very deadlines it repeatedly has rejected." *Id.* at 117–18, 104 S.Ct. at 2257. *See Littlefield, supra,* 824 F.2d at 247. In view of *Day,* claimant cannot argue that the delay in the instant case somehow violated the Act.

In any event, the Appeals Council in the instant case acted a mere sixty-five days after the ALJ's recommended decision. That hardly constitutes unreasonable delay. It certainly does not even begin to approach the kind of egregious delay that arguably might constitute a violation of due process. *See Littlefield, supra,* 824 F.2d at 247 (nine-month delay in rejecting an ALJ's recommended decision does not violate claimant's right to due process of law).

The judgment of the district court is *affirmed.*