Helena MALONEY, Appellant

v.

*Larry G. MASSANARI, Commissioner of Social Security

No. 01–3957.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on May 1, 2002.

Filed June 28, 2002.

Before NYGAARD, ROTH and WEIS, Circuit Judges.

## OPINION

ROTH, Circuit Judge.

Helena Maloney appeals the decision of the District Court affirming the ALJ's finding that she was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. The ALJ found that Maloney was capable of performing a limited range of sedentary work despite suffering minor injuries in an automobile accident and, therefore, was not entitled to benefits. Maloney appeals the ALJ's determinations on the following bases: (1) the credibility of her subjective complaints of pain; (2) the existence of a severe mental impairment; and, (3) her ability to perform a limited range of sedentary work. The determinations of the ALJ will not be

---

* (Pursuant to F.R.A.P. 43(c))

set aside unless clearly erroneous. Fed. R.Civ.P. 52(a).

The Social Security Act defines "disability" as an inability to work because of a medically determinable physical or mental impairment expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Subjective complaints alone do not establish disability; the Act requires objective medical evidence showing the existence of an impairment which could reasonably be expected to produce the pain alleged. *Id.* Moreover, the ALJ may discredit a claimant's subjective complaint where the complaint is contrary to the evidence, *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d Cir. 1993), and the ALJ's determination of credibility is entitled to deference. *Fargnoli v. Massanari,* 247 F.3d 34, 43 (3d Cir.2001).

As an initial matter, we see no reason to disturb the ALJ's rejection of Maloney's subjective complaints. The weight of the medical evidence clearly undermines her subjective complaints. From April 3, 1995 to June 1, 1998, Maloney complained of constant back pain. After administering numerous MRI's, lumbar spine x-rays, EMG studies and NVC tests, doctors found no major damage to her back. Not only did the medical record fail to show significant damage, one doctor reported that Maloney was exaggerating her symptoms and malingering in order to secure disability benefits. Based upon this evidence, we conclude that the ALJ made a thorough evaluation of the evidence in determining that Maloney's complaints of disabling pain were not fully credible.

Second, Maloney failed to provide the ALJ with sufficient evidence of a severe mental impairment. A severe mental impairment limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c) (2001). Maloney never sought or received mental health treatment, nor did she report mental health impairment upon application for DIB and SSI. In fact, when Maloney submitted to mental health examination at the request of the state, the doctor failed to find any evidence of mental impairment which would preclude her from performing simple work activities. This report was confirmed by two additional doctors upon review. Therefore, Maloney's claim that the ALJ overlooked evidence of her mental impairment lacks merit. Clearly, the ALJ's determination was supported by the overwhelming evidence.

Finally, there is sufficient evidence to determine that Maloney was able to perform a limited range of sedentary work. The ALJ employed a vocational expert to make this determination. The comments of the vocational expert are based upon a hypothetical question posed by the judge including all physical and mental limitations supported by the record. *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Only those complaints supported by the record must be included in the hypothetical. The ALJ's formation of the hypothetical question to the vocational expert was based upon a person capable of occasionally lifting ten pounds even though one doctor reported that Maloney could occasionally lift twenty pounds. Essentially, the ALJ had formed a hypothetical question more favorable to Maloney clearly meeting the standard of "all physical and mental limitations". Despite this more favorable framing, the vocational expert opined that Maloney could perform jobs such as an assembler, a cashier, and a receptionist.

We will, therefore, affirm the judgments of the District Court denying Maloney benefits under the Social Security Act.