OPINION
FISCHER, District Judge.
Claimant Viola Myers appeals from an order of the United States District Court for the District of New Jersey affirming the denial of disability insurance benefits and supplemental security income benefits. We will affirm.
Myers applied for social security benefits on October 1, 2002, alleging disability and the inability to work due to asthma, manic-depression, lower back pain, and blackouts. The Commissioner denied her application on February 27, 2003. After exhausting her administrative remedies, Myers appealed the denial to the District Court, which entered an order on September 9, 2005, remanding the case to the Administrative Law Judge (“ALJ”) for further consideration.
Post-remand hearings were conducted, and a vocational expert, among others, testified. On November 15, 2006, the ALJ again determined that Myers was not entitled to benefits, finding, inter alia, that she “retained the residual functional capacity to perform medium and light work involving no greater than simple, repetitive tasks[ ] in an environment free of excessive pulmonary irritants[ ] not involving supervision by a particularly authoritative or harsh supervisor.” In February 2007 Myers sought review of the ALJ’s determination in the District Court, which subsequently affirmed the denial of benefits on April 30, 2008, 2008 WL 1925301. Myers timely appealed.
We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Under our limited scope of review, we, like the District Court, “must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record.” Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir.2005). Substantial evidence constitutes “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Newell v. Comm’r of Soc. Sec., 347 F.3d 541, 545 (3d Cir.2003) (quoting Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Although “more than a mere scintilla[, substantial evidence] may be somewhat less than a preponderance of the evidence.” Rutherford, 399 F.3d at 552 (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir.1971)). “[W]e are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder.” Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir.2002).
In this Court, Myers faults the ALJ for finding that she retained the capacity to *821 perform jobs within the national economy. She argues that the ALJ improperly reached that conclusion by posing insufficient hypothetical questions to the vocational expert and ignoring portions of that expert’s testimony elicited by her attorney. As a result, Myers contends that the District Court’s order affirming the denial of benefits must be reversed. We disagree.
A “vocational expert’s testimony concerning a claimant’s ability to perform alternative employment may only be considered for purposes of determining disability if the [ALJ’s hypothetical] question^] accurately portrayf ] the claimant’s individual physical and mental” limitations. Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir.1984). Sufficient hypothetical questions will thus “reflect all of a claimant’s impairments.” Burns, 312 F.3d at 123 (quoting Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir.1987) (emphasis added)). “Fairly understood, [the] reference[ ] to all impairments ... means that the ALJ must accurately convey to the vocational expert all of a claimant’s credibly established limitations [,]” not every alleged impairment. Rutherford, 399 F.3d at 554.
Our careful review of the record convinces us that the ALJ’s hypothetical questions encompassed all of Myers’s credibly established limitations, including, and despite Myers’s assertions to the contrary, her deficiencies in concentration. See id. (discussing “when a limitation is credibly established”). We further find that the ALJ did not ignore any of the vocational expert’s testimony regarding those credible impairments and that the expert’s relevant statements supported the ALJ’s conclusion that an individual with Myers’s limitations retained the capacity to work. As such, substantial evidence exists for the ALJ’s decision to deny benefits.
The order of the District Court entering judgment for the Commissioner will be affirmed.[1]

. Because the District Court's order will be affirmed, Myers's request for provisional benefits pending disposition on remand is necessarily denied.