

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2004

# De Rohn v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"De Rohn v. Comm Social Security" (2004). *2004 Decisions.* Paper 722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3487
_____

BRUCE E. DE ROHN,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 01-cv-06026)
District Judge:  The Honorable Robert F. Kelly

_____

ARGUED MARCH 8, 2004

Before:  SLOVITER, NYGAARD, Circuit Judges and OBERDORFER, District Judge[*]

(Filed: May 5, 2004)
_____

Carla J. Thomas, Esq. (Argued)
Thomas & Thomas
704 Washington Street
Easton, PA 18042
              Counsel for Appellant

---

[*].       Hon. Louis F. Oberdorfer, Senior District Judge, United States District Court for the District of Columbia, sitting by designation.

Andrew C. Lynch, Esq. (Argued)
Social Security Administration
OGC/Region III
P. O. Box 41777
Philadelphia, PA 19101
Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

This case involves a claim for supplemental security income (SSI) under Title XVI of the Social Security Act. Bruce E. DeRohn, the Appellant, petitioned the District Court to overturn the denial of his application for SSI. Upon consideration of cross-motions for summary judgment, the District Court granted the Commissioner's motion and adopted the Report and Recommendation of the Magistrate Judge. DeRohn now appeals. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction under 28 U.S.C. § 1291. We will affirm.

While we review the District Court's order de novo, we will reverse a grant of summary judgment in favor of the Commissioner only if we conclude that the ALJ's findings were not supported by "substantial evidence." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984); 42 U.S.C. § 405(g). We define "substantial evidence" as evidence "a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). That is to

2

say, substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of the United States Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). In determining whether substantial evidence exists, "we are not permitted to weigh the evidence or substitute our own conclusions for that of the [ALJ]." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

In order to qualify for SSI, a person must be "disabled" under the Social Security Act and the accompanying regulations. Under Title XVI, the Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In determining whether a claimant qualifies for SSI, the Social Security Administration applies a five-step test. 20 C.F.R. § 416.920. At step one, the claimant must show that he is not currently engaging in "substantial gainful activity," 20 C.F.R. § 416.920(b), as defined in the regulations. *See* 20 C.F.R. § 220.141. At step two, the claimant must show that he suffers from a "severe impairment." 20 C.F.R. § 416.920(c). If the claimant fails to make the proper showing at either step one or two, he will be denied benefits. At step three, a claimant may attempt to demonstrate that his disability meets or equals an impairment listed in Appendix 1 to Subpart P of Part 404 ("Listing of Impairments"). 20 C.F.R. § 416.920(d). If the impairment meets or equals a

3

listed impairment (hereinafter referred to as a "Listing"), the claimant is considered disabled and the evaluation process ends. *See Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir.1999). If, however, the claimant's impairments do not satisfy step three, the process continues to step four. At step four, the claimant must demonstrate that he does not have sufficient residual functional capacity to perform his past relevant work. 20 C.F.R. § 416.920(e). Residual functional capacity is "the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). If the claimant fails to make the necessary showing at step four, he will be denied benefits. If he satisfies step four, the inquiry moves to step five. At step five, the burden shifts to the Commissioner to show that the claimant can perform "other work." 20 C.F.R. § 416.920(e). "Other work" consists of jobs that exist in significant numbers in the national economy that the claimant can perform given his age, education, past work experience, and residual functional capacity. *Plummer*, 186 F.3d at 428; *See also Burns*, 312 F.3d at 119. At the fourth and fifth steps, the ALJ often seeks advisory testimony from a vocational expert. *Burns*, 312 F.3d at 119.

DeRohn claimed eligibility for SSI due to mental health problems. After his claim was denied, he appealed to an ALJ. At the hearing, the ALJ heard testimony from DeRohn, DeRohn's wife, and a vocational expert. The ALJ also considered the reports and records of various treating physicians, reviewing psychiatrists and psychologists. On August 13, 2001, the ALJ issued a decision denying DeRohn benefits. Specifically, the ALJ found that while DeRohn did suffer from certain severe impairments, he retained the

4

residual functional capacity to perform his past work and, in the alternative, he could perform a range of light or sedentary work that exists in significant numbers in the national economy. DeRohn sought review of the ALJ's determination by the District Court, which upheld the ALJ's decision. DeRohn now appeals the matter to us.

On appeal, DeRohn attacks the ALJ's decision on several grounds. First, he contends that he should have been found disabled at step three of the analysis, as his mental problems met or equaled an impairment under Listing 12.06. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06. Specifically, DeRohn argues that his anxiety disorder is severe enough to satisfy the requirements of section 12.06B, because the disorder places marked restrictions on his daily activities as well as on his social functioning, and section 12.06C, because he is unable to function outside of his home. He points to various sections of the record to support his arguments.

Next, DeRohn argues that the ALJ incorrectly rejected the disability findings of his treating physicians. Third, he maintains that the ALJ's credibility determination is not supported by substantial evidence. Finally, DeRohn argues that the ALJ erred in posing a hypothetical question that did not include either panic attacks he supposedly experiences when he leaves his home or the effects of his medications. We find no merit in any of the arguments DeRohn raises and will affirm the determination of the District Court. For the benefit of the parties, however, we will briefly address each issue raised by the Appellant.

A.      Listing 12.06 Criteria

First, we examine whether there is substantial evidence to support the ALJ's determination that DeRohn's condition did not meet or equal the type of disorders contemplated in Listing 12.06. To meet Listing 12.06, DeRohn must demonstrate that he suffers from an "anxiety related disorder" that meets "[t]he required level of severity for these disorders [which] is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied."[2] Here, the ALJ stated that DeRohn

2. Listing 12.06, Anxiety Related Disorders, provides:

1. In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.

A. Medically documented findings of at least one of the following:

1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:

a. Motor tension; or  b. Autonomic hyperactivity; or  c. Apprehensive expectation; or d. Vigilance and scanning; or

2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or

3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or

(continued...)

6

had no more than moderate limitations in activities of daily living; maintaining social functioning; or maintaining concentration, persistence or pace. The ALJ specifically linked this conclusion to medical sources. For example, Dr. Warren, one of DeRohn's treating physicians, reported that DeRohn's examination was "normal" and he presented as a "relatively stable" patient. A.R. at 145. Also, the ALJ pointed to the testimony of

---

(...continued)

           4. Recurrent obsessions or compulsions which are a source of marked distress; or

           5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;

    And

    B. Resulting in at least two of the following:

           1. Marked restriction of activities of daily living; or

           2. Marked difficulties in maintaining social functioning; or

           3. Marked difficulties in maintaining concentration, persistence, or pace; or

           4. Repeated episodes of decompensation, each of extended duration;

    Or

    C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R., pt. 404, subpt. P, app. 1, § 12.06.

the state agency medical expert, Dr. Gold, who testified that DeRohn had no more than moderate limitations of function in other areas related to understanding, memory, sustained concentration and persistence, social interaction and adaption. Appropriately relying on medical evidence, the ALJ determined that DeRohn's impairments were not marked but slight. Based upon our review of the record, we find sufficient evidence to support the ALJ's determination that DeRohn did not meet the criteria in Listing 12.06.

### B. Opinions of the Treating Physician

DeRohn next contends that the ALJ erred by rejecting the opinions of his treating physicians. Controlling weight is given to the opinion of a claimant's treating physician regarding the nature and severity of the claimant's impairment when, among other things, it is not inconsistent with other substantial evidence. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Here, the ALJ found that the opinions of DeRohn's treating physicians were inconsistent and that finding is supported by substantial evidence. As a result, their opinions were not entitled to controlling weight. Because the opinions were not entitled to controlling weight, the ALJ properly evaluated and weighed them against other medical evidence in the record. *Id.*

### C. Credibility Determinations

Next, DeRohn asserts that the ALJ's credibility finding is not supported by substantial evidence. We disagree. We afford the credibility determinations of the ALJ great weight because she had the opportunity to observe the demeanor and hear the

8

testimony given by DeRohn. *Atlantic Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001). The ALJ gave legally sufficient reasons in support of her finding that DeRohn's testimony was not entirely credible. The ALJ's decision to discount DeRohn's testimony, therefore, is supported by substantial evidence and will be upheld.

D.     Hypothetical Question

DeRohn argues that the hypothetical question posed by the ALJ to the vocational expert did not include the panic attacks that he experiences when he leaves his house or the effect of his medication on these incidents. An ALJ's hypothetical question to a vocational expert must accurately portray the claimant's individual impairments that are supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987); *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). As previously indicated, the ALJ rejected some of DeRohn's claimed impairments and that rejection was supported by substantial evidence. The ALJ incorporated the remaining impairments in the hypothetical question she posed to the vocational expert. This hypothetical, therefore, met the requirements we set forth in *Chrupcala*.

Accordingly, we will affirm the order of the District Court.