

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2003

# Hagner v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-2731

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Hagner v. Comm Social Security" (2003). *2003 Decisions.* Paper 804.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/804

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2731
_____

WILLIAM HAGNER,

Appellant

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-00239)
District Judge: The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2003

BEFORE: NYGAARD, AMBRO, and LOURIE,* Circuit Judges.

_____

(Filed February 12, 2003)
_____

OPINION OF THE COURT

_____

*       Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals for
the Federal Circuit, sitting by designation.

LOURIE, Circuit Judge.

William Hagner appeals from the decision of the United States District Court for the Western District of Pennsylvania affirming on summary judgment the final decision of the Commissioner of Social Security that Mr. Hagner is not entitled to child=s insurance benefits (ACIB@) or supplementary security income (ASSI@) under titles II and XVI, respectively, of the Social Security Act (ASSA@). Hagner v. Massanari, No. 01-0239 (W.D. Pa. Apr. 29, 2002). Because the Commissioner=s final decision was supported by substantial evidence, we affirm.

On January 23, 1997, Hagner applied for CIB and SSI benefits, alleging disability due to a back injury for the period beginning January 2, 1994. The Commissioner denied both his application and his request for reconsideration. After an administrative hearing at which Hagner and a vocational expert testified, an administrative law judge (AALJ@) determined that Hagner was able to perform a wide range of light exertional activity and that he therefore was not disabled within the meaning of the SSA. Accordingly, the ALJ concluded that Hagner was not entitled to CIB or SSI benefits. The Appeals Council denied Hagner=s request for review, making the ALJ=s decision the final decision of the Commissioner. Hagner instituted a civil action in the district court to obtain review of that decision. Both parties moved for summary judgment, and the court referred the case to a magistrate judge who filed a Report and Recommendation proposing that Hagner=s appeal be denied. The court adopted the magistrate judge=s Report and Recommendation as its opinion and granted the Commissioner=s motion for summary judgment. Hagner timely appealed. We have jurisdiction pursuant to 28 U.S.C. ' 1291.

We must uphold the district court=s decision if the Commissioner=s final decision was supported by substantial evidence. 42 U.S.C. ' 405(g); <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999) (citing <u>Monsour Medical Center v. Heckler</u>, 806 F.2d 1185, 1190 (3d Cir. 1986)). Substantial evidence is Amore than a mere scintilla.@ <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted). It is not Aa large or considerable amount of evidence, but rather >such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.=@ <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).

On appeal, Hagner first argues that the ALJ failed to give proper weight to the reports of his treating physician, Dr. Taylor. It is true that an ALJ must give a treating physician=s opinion controlling weight if it Ais well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.@ 20 C.F.R. ' 404.1527(d)(2). However, an ALJ may reject the opinion of a treating physician if it is Aconclusory and unsupported by the medical evidence.@ <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). Dr. Taylor opined that Hagner was temporarily disabled and that he could stand and walk less than two hours and sit less than six hours in an eight-hour workday. Nonetheless, the ALJ accorded Dr. Taylor=s opinions Aonly minimal weight@ because they were offered on Acheck-the-box@ forms, were unsupported by objective findings, and were inconsistent with the follow-up notes submitted by Dr. Taylor. Moreover, the ALJ noted that another treating physician=s report, that of Dr. Jones, did not preclude all substantial gainful activity and that the state agency physicians who reviewed Hagner=s medical records concluded that he could generally perform light work activity. We therefore

conclude that substantial evidence supports the ALJ=s decision not to give Dr. Taylor=s opinion controlling weight.

Hagner next argues that substantial evidence does not support the ALJ=s finding that Hagner=s testimony regarding his back pain was not credible. Based on inconsistencies between Hagner=s testimony and the record, the ALJ found Hagner=s allegation of debilitating back pain to be Aexaggerated and not fully credible.@ In particular, the ALJ found that objective medical evidence C including imaging studies of Hagner=s spine, four physicians= reports, and the conservative course of medical treatment that Hagner underwent C did not support Hagner=s allegation of debilitating pain. The ALJ also pointed to specific discrepancies including Hagner=s lack of muscle atrophy, despite his claim that he could not walk for more than five minutes at a time or lift anything, and Hagner=s weight gain despite his testimony that he eats little due to his pain. We therefore conclude that there is substantial evidence in the record from which the ALJ could find that Hagner=s testimony regarding the severity of his back pain was not fully credible.

Finally, Hagner asserts that the ALJ=s hypothetical questions to the vocational expert did not accurately portray Hagner=s individual limitations and impairments and therefore could not provide substantial evidence for his decision. Specifically, Hagner contends that the ALJ=s hypothetical questions neglected to include (1) the individual limitations set forth in the treating physician=s functional capacity assessment; and (2) the psychological and pain symptoms that affect Hagner=s concentration, sleep, memory, and ability to tolerate stress.

We disagree; the ALJ=s questions were fully in accordance with law. It is correct that A[a] hypothetical question posed to a vocational expert >must reflect all of a claimant=s impairments,=@ Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) (quoting Chrupcala v.

4

Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (emphasis added)), and that A[w]here there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert=s response is not considered substantial evidence,@ id. (citation omitted).

However, the ALJ asked the vocational expert to identify any jobs that would accommodate the needs of a hypothetical person with Hagner=s age, education, and vocational profile who could perform Alight exertion@ limited to Asimple, routine, repetitive, low stress work.@ The ALJ also asked the expert to assume that the hypothetical person required Aa sit/stand option.@ We conclude that those hypothetical questions accurately portrayed Hagner=s impairments. First, with regard to Hagner=s functional capacity, we reiterate that the ALJ properly accorded the treating physician=s report less than controlling weight and rejected that physician=s functional capacity assessment. Instead, the ALJ incorporated into his hypothetical questions a functional capacity limitation that was supported by objective medical evidence: namely, that Hagner was capable of performing a limited range of light work. Secondly, with regard to Hagner=s psychological and pain symptoms, we restate that the ALJ found Hagner=s subjective claims of disabling pain to be overstated. The ALJ also acknowledged a psychologist=s report indicating that Hagner=s memory was intact and that Hagner=s depression, although it affected his concentration, was not disabling. Again, the ALJ relied on the objective medical evidence in determining what limitations to accord the hypothetical person and excluded Hagner=s exaggerated symptoms of pain. The ALJ did take into account Hagner=s mental disorder and accordingly included the limitation of Asimple, routine, repetitive, low stress work.@ We thus conclude that the

5

hypothetical questions posed by the ALJ accurately reflected Hagner=s physical and mental impairments and were therefore properly relied on by the ALJ.

Because we find that substantial evidence supports the ALJ=s denial of CIB and SSI benefits to Hagner, we affirm the district court=s decision.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Judge Alan D. Lourie
Circuit Judge