**Opinions of the United States Court of Appeals for the Third Circuit**



6-2-2004

# Holler v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Holler v. Comm Social Security" (2004). *2004 Decisions.* Paper 626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4249

JANE HOLLER,

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

Respondent

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 03-cv-00017)
District Judge: Hon. Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2004

Before: NYGAARD, McKEE, and CHERTOFF, Circuit Judges.

(Filed June 2, 2004)
_____

OPINION
_____

McKee, Circuit Judge.

We are asked to review the denial of Jane Holler's application for disability

insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The district court granted summary judgment in favor of the Social Security Administration. For the reasons that follow, we will reverse.

**I.**

Because we write solely for the parties, it is not necessary to recite the facts of this case in detail. We note, however, that Holler makes three arguments on appeal. She claims that the administrative law judge ("ALJ") erred when concluding she could perform medium work[1] and that the hypothetical question that the ALJ asked the vocational expert ("VE") at the hearing improperly assumed that she could do medium work. She also argues that she is so clearly entitled to DIB that the district court should have reversed the ALJ's decision without remanding to the ALJ for a rehearing.[2] We address each of these claims separately.[3]

---

[1] Medium work is defined as work that involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do . . . light work." 20 C.F.R. § 404.1567(c). Light work is less demanding. It is defined as work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[2] The Appeals Council denied Holler's request to review the ALJ's decision. R. at 4-5.

[3] We exercise plenary review over decisions to grant motions for summary judgment. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003). As such, this court is bound by an ALJ's findings of fact when they are supported by substantial evidence, even if we would decide the factual inquiry differently. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

2

**A. The ALJ's Finding that Holler Could Perform Medium Work**

Holler states that the ALJ erred when he determined she could do medium work because he failed to accept the opinion of both her treating physician and the government's doctor that she could do only light work.

Controlling weight is given to the opinion of a claimant's treating physician regarding the nature and severity of the claimant's impairment when, among other things, it is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416. 927(d)(2). Holler's treating physician, Dr. Susan B. Hainley, found that Holler could only perform light work or less and the government's doctor, Dr. Nghia Tran, also found that she could only do light work. Nevertheless, the ALJ concluded that their opinions were "inconsistent with the clinical and objective findings." R. at 16-17. The ALJ stated that "diagnostic studies reveal only mild degenerative changes. . . . Dr. Hainley reported that [Holler] has essentially normal range of motion and full motor strength." R. at 16. He noted that Holler was seen as having "normal reflexes, no atrophy and a normal gait and station. . . ." R. at 15. The ALJ also concluded that Holler's daily activities were inconsistent "with an individual who is unable to perform work at the medium exertional level."[4] R. at 17. He noted that Holler attested to cooking, taking walks, feeding and

---

[4] In her brief, Holler notes this conclusion and then discusses caselaw about how "symptoms of pain may support a claim for disability benefits." Br. at 21-22. She appears to be arguing that her claims of pain, together with proof of a medical condition that could reasonably cause such pain, are enough to mandate a finding of disability. This is not true. ALJs can evaluate the credibility of such claims and whether allegations are supported by objective medical evidence. 20 C.F.R. § 404.1529(c); *Hartranft v. Apfel*,

bathing her dogs, performing household chores, shopping, driving, singing in her church's choir and acting as the church's treasurer. R. at 15; R. at 41; R. at 113-17.

However, the ALJ does not explain how Dr. Hainley's findings that Holler had only "mild degenerative changes," "normal range of motion," "full motor strength," "normal reflexes," "no atrophy" and "a normal gait and station," were inconsistent with her opinion that Holler could only do light work. Nor does he adequately consider that Dr. Tran also opined that Holler could do only light work given these findings. The ALJ does not explain why he found that Holler's activities were inconsistent with an inability to work at the medium level although both doctors account for Holler's activities and still conclude that Holler was capable of light work at most. Rather, the ALJ appears to have concluded that he could better interpret Holler's history than both of the physicians of record.

In her report, Dr. Hainley answered "no" to the question: "Does the claimant demonstrate difficulties performing daily activities ON A SUSTAINED BASIS, e.g. shopping, cooking, cleaning, maintaining a residence, paying bills, personal care, health and hygiene?" R. at 237 (emphasis in original). Dr. Hainley then concluded that Holler could frequently lift 2-3 pounds and occasionally lift 10-20 pounds, and that she could frequently carry 10 pounds and occasionally carry 20 pounds. R. at 241. The government

---

181 F.3d 358, 362 (3d Cir. 1999). The ALJ did so here and rejected her claims because he found her testimony that her pain was debilitating was contradicted by her daily activities and the doctors' evaluations. R. at 15.

physician, Dr. Tran, made more detailed findings and came to similar conclusions. Her

report noted:

> [Holler] stated that she has difficulty with cooking because she cannot stand for long periods of time. She is unable to do yard work. She has difficulty with shopping because of her nerves. She has difficulty with housecleaning. She needs to divide her laundry into small loads and do it in a little at a time. She is able to drive[,]. . . take public transportation[,] . . . and walk a quarter of a mile on flat ground[,] . . . make her bed, take out the trash, run the vacuum cleaner, load and unload grocery bags from her car, lift 10-15 lbs."
> R. at 289-90.

Dr. Tran then concluded that Dr. Hainley's limitations were "reasonable" except for one;

she found that the "limitations (sic) of lifting 2-3 lbs. is not substantiated." R. at 290.[5]

Given the doctors' clinical findings and knowledge of Holler's activities, there is

no support in the record for the ALJ's conclusion that the physical limitations Drs.

Hainley and Tran imposed were incorrect. The record does not support his conclusion

that Holler's activities provide substantial evidence that is inconsistent with the doctors'

opinion that Holler was capable of light work or less, and the evidence does not support

his contrary conclusion that Holler could do medium work. Controlling weight should

have been given to Dr. Hainley's opinion, possibly as modified by Dr. Tran in her

opinion.

**B. The ALJ's Hypothetical to the Vocational Expert**

---

[5] Accepting Dr. Tran's opinion, Holler could do light work, since it involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."

5

Holler argues that the ALJ's hypothetical questions to the VE were flawed because the questions incorrectly assumed that she could perform medium work and, as a result, the VE's testimony about the number and variety of jobs open to her was inaccurate.

An ALJ's hypothetical question to a VE must accurately portray the claimant's individual impairments supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987); *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). As stated above, the ALJ should have given controlling weight to the treating physician's opinion, possibly as modified by Dr. Tran. His failure to do so poisoned the hypothetical questions he posed to the VE because they incorporated his unsupported conclusion that Holler was capable of doing medium work.

## C. The Claimant's Request for Reversal without Remand

Holler's final request is that this Court must reverse the ALJ's decision without remanding her claim back to the ALJ for further consideration. We have previously noted that remand for an award of benefits is inappropriate unless "under the correct standard the result is foreordained." *See, e.g., Kowalchick v. Director, OWCP*, 893 F.2d 615, 624 (3d Cir. 1990). The result here is not foreordained because it is unclear whether there will be a sufficient number and variety of jobs for Holler to perform given appropriate testimony by a VE based on Holler's ability to do light work or less. This distinguishes this case from *Podedworny v. Harris,* 745 F.2d 210, 223 (3d Cir. 1984), where we reversed without remanding for rehearing after we had previously remanded the case to

the ALJ.  We concluded that "it would be virtually impossible . . . in a third hearing to adduce the new vocational and medical evidence that would be necessary to supporting a finding that th[e] appellant is not disabled[.]" *Id.*  Here, the ALJ needs to add new vocational evidence that properly accounts for Holler's limitations as established by the medical testimony.

## II.

For all of the above reasons, we will reverse the district court's judgment and remand this claim for further proceedings consistent with this opinion.