

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2004

# Corley v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Corley v. Comm Social Security" (2004). *2004 Decisions.* Paper 574.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/574

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4385

_____

CARL CORLEY,
Appellant

v.

JOANNE B. BARNHART, Commissioner
of Social Security

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 03-cv-00019J)
District Judge:  The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2004

BEFORE: NYGAARD, McKEE, and WEIS, Circuit Judges.

(Filed: June 29, 2004)

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This case involves a claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Appellant Carl M. Corley appeals from an order entered by the District Court granting the Commissioner of Social Security's motion for summary judgment. The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g) and we have appellate jurisdiction under 28 U.S.C. § 1291. We will affirm.

I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural background of this case only as they pertain to our analysis. Corley is a 58-year old male with a high school diploma who worked as a mechanic and tow truck driver. He was fired in December 1993. He applied for disability benefits in September 1997 alleging disability as of December 24, 1993. His claim was denied, and he re-applied in October 2001, alleging disability due to emphysema, seizures, and diabetes mellitus.

Corley's benefits were again denied, and he subsequently presented his claims in a hearing before an Administrative Law Judge. After reviewing medical reports

and hearing testimony from Corley and a vocational expert, the ALJ concluded that Corley's impairments did not meet the standard for disability under the Social Security Act at any time before his date last insured.

The Appeals Council denied Corley's request to review the ALJ's decision, and Corley subsequently filed an action against the Commissioner in the District Court for the Western District of Pennsylvania. The Court granted the Commissioner's motion for summary judgment and this appeal followed.

II.

We have previously set forth our standard of review in cases involving an appeal from the denial of disability benefits. We have instructed:

> The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision. The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'

*Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)) (internal citations omitted). In determining whether substantial evidence exists, "we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

In order to qualify for benefits, a person must be disabled as defined by the Social Security Act and its accompanying regulations as of his date last insured. *Burns*, 312 F.3d at 118. For Corley, his date last insured was December 31, 1998. The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2002).

The ALJ determines whether a claimant qualifies for benefits by applying a five-step test. 20 C.F.R. § 416.920. The ALJ concluded at step one that Corley had not been engaged in substantial gainful activity, and at step two that he suffered an impairment of emphysema and coronary artery disease prior to his date last insured, but that his diabetes mellitus and seizure disorder had not been diagnosed until more than two years after his date last insured. 20 C.F.R. §§ 416.920(b), 416.920(c). In step three, the ALJ considered the medical records for December 1993 through December 1998, and concluded that Corley's emphysema and coronary artery disease did not meet or equal any of the impairments listed in Appendix 1, Subpart P of Part 404 ("Listing of Impairments"). 20 C.F.R. § 416.920(d).

The ALJ continued to step four and found that Corley was unable to perform his past relevant work, but at step five the ALJ accepted the vocational expert's testimony that a person with Corley's impairments retained the residual functional

4

capacity to perform light activity jobs. 20 C.F.R. §§ 416.920(e), 416.920(f). The ALJ

thus concluded that Corley was not disabled and denied him benefits.

III.

On appeal, Corley makes four arguments attacking the ALJ's decision.

First, he argues that the ALJ committed error by refusing to accept as binding the opinion

of a Social Security consultive examiner that he was limited to sedentary work as of his

date last insured. There is substantial evidence to support the ALJ's decision to reject the

opinion of the examiner.

The examiner, Dr. Naji, examined Corley one time for the purpose of

determining his eligibility for benefits. He was not a "treating physician" whose opinion

would be entitled to deference. *See* 20 C.F.R. § 404.1502. Dr. Naji concluded that

Corley was limited to sedentary work based only on Corley's own statements and a

simple bending exercise. He did not conduct any appropriate objective medical tests to

assess Corley's impairments, such as a stress-test, electrocardiograph, or exercise test.

*See Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991) (holding that an unsupported

diagnosis is not entitled to significant weight).

In addition, Dr. Naji's conclusion that Corley can perform only sedentary

work is inconsistent with Corley's self-reported activities. Corley reported that he

performs such activities as walking up to one mile per day, grocery shopping, and

5

mowing his lawn. The evidence supports the ALJ's decision that the examiner's opinion was not entitled to great deference.

Corley's second argument is that the ALJ erred by failing to factor into the assessment of his credibility the fact that he had a long and productive work history. In support of this argument, Corley relies on cases in which courts have viewed the testimony of claimants with long and productive work histories as highly credible. However, in each of these cases the claimant not only had a long and productive work history, but also showed evidence of severe impairments or attempted to return to work, and neither of these circumstances exist here. *See, e.g., Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979). Therefore, the ALJ did not err by failing to afford Corley heightened credibility based solely on his work history.

Corley's third argument is that the ALJ erred in failing to give presumptive credibility to his alleged disability onset date. This argument fails because the ALJ did not dispute Corley's asserted onset date of the emphysema and coronary artery disease. As to the onset date of his diabetes and seizure disorder, the medical evidence shows that Corley was not diagnosed with these disorders until September 2001– over two years after his date last insured.

Finally, Corley argues that the hypothetical question the ALJ posed to the vocational expert was defective. A hypothetical question posed to a vocational expert must accurately reflect a claimant's impairments that are supported by the record. *See*

6

*Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987); *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). Corley claims that the question was defective because it assumed that he would be able to perform "light work."

The ALJ did not err when he refused to accept Dr. Naji's conclusion that Corley could only perform sedentary work. He also did not err when he refused to accept Corley's testimony that he could only perform sedentary work because that testimony was inconsistent with Corley's own reports of his daily activities. The ALJ therefore did not have to incorporate into his hypothetical question any assumption that Corley was limited to sedentary work, because such a limitation is not supported by the record. The District Court correctly concluded that the ALJ's hypothetical question accurately reflected the findings supported in the record by substantial evidence.

IV.

For the reasons set forth, we will affirm the District Court's order granting summary judgment in favor of the Commissioner of Social Security.