

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2005

# Wimberly v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2509

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wimberly v. Comm Social Security" (2005). *2005 Decisions.* Paper 1344.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1344

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2509

CLARK WIMBERLY

Appellant

v.

JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court No.: 03-cv-03963
District Court Judge: The Honorable Franklin S. Van Antwerpen

Submitted Pursuant to LAR 34.1(a)
March 29, 2005

Before: ALITO, SMITH, and ROSENN, Circuit Judges.

(Opinion Filed:   April 18, 2005)

OPINION OF THE COURT

PER CURIAM:

As we write only for the parties involved, we will not restate the evidence below. We hold that the Administrative Law Judge ("ALJ") committed no legal errors and that the conclusion that Wimberly was not disabled within the meaning of the Social Security Act during the period from July 20, 1998, to May 1, 2000, is supported by substantial evidence. We therefore affirm the October 8, 2004, order of the District Court denying Wimberly's motion for summary judgment and granting the Commissioner's motion for summary judgment.

Wimberly's appeal proceeds on three grounds. First, he claims that the ALJ erred in not according controlling weight to the testimony of his treating physician, Dr. Charles Bridges. Second, he claims that the ALJ erred in calculating his Residual Functional Capacity ("RFC"), despite the assistance of a vocational expert, because the impact of his obesity, his subjective complaints of pain, and the side-effects of his medications were never considered. Finally, he claims that he was denied a fair hearing and review because the transcript contains several "inaudible" entries.

Wimberly claims that the ALJ should have accorded controlling weight to the testimony of his treating physician, Dr. Bridges. Under 20 C.F.R. § 404.1527(d)(2), a treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Dr. Bridges has treated Wimberly

2

since 1982, and in the absence of other relevant evidence, his opinion that Wimberly was disabled would be entitled to controlling weight. The ALJ noted, however, that Dr. Bridges's testimony not only conflicted with the views of other doctors and therapists, but was itself internally inconsistent. While we appreciate Wimberly's argument that differences in the forms filled out by Dr. Bridges contributed to varying assessments, the ALJ's determination that Dr. Bridges provided inconsistent opinions that conflicted with the diagnosis and treatment plans proffered by other physicians adequately supports the decision not to accord his opinion controlling weight.

The ALJ concluded that Wimberly possessed the RFC to perform a significant range of sedentary work and therefore was not under a disability during the relevant time period. This conclusion was reached by posing a series of hypotheticals to vocational experts who agreed that jobs existed for someone like Wimberly who is capable of lifting ten pounds and alternating from a sitting to a standing position every 30 minutes. This conclusion is not undermined by the ALJ's failure to account for non-exertional impairments because the ALJ specifically considered Wimberly's complaints of pain, dizziness, and drowsiness and concluded that they lacked credibility insofar as they were inconsistent with the conservative course of treatment prescribed by his physicians. See 20 C.F.R. 404.1529(c)(3). Because the ALJ set forth a reasoned basis, grounded in the record, for concluding that Wimberly's complaints were not credible, this portion of the decision is supported by substantial evidence. See Thompson v. Barnhart, 281 F.Supp.2d

3

770, 780 -81 (E.D.Pa. 2003).

Nor does the fact of Wimberly's obesity undermine the ALJ's RFC analysis. Wimberly is correct in arguing that 20 C.F.R. 404.1529(c) imposes a broad duty on ALJs to evaluate the intensity and persistence of a claimant's symptoms, Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999), and also in noting that Social Security Ruling 02-1p instructs ALJs to use their own "judgment to establish the presence of obesity based on the medical findings and other evidence in the case record, even if a treating or examining source has not indicated a diagnosis of obesity." We note, however, that nothing in SSR 02-1p compels a finding of obesity in the absence of an uncontroverted diagnosis by a physician who has examined the claimant. The issue on appeal turns on the RFC analysis, however, not on whether Wimberly was obese. As the ALJ stated in his decision, there is no medical evidence in the record associating the claimant's apparent obesity with any functional limitation, nor did Wimberly ever attribute any disability to his weight. The duty to evaluate a claimant's symptoms imposed by 20 C.F.R. 404.1529(c) does not extend to guessing what the impact of those symptoms may be. Rather, 20 C.F.R. 404.1512(c) and 20 C.F.R. 404.1545(a)(3) explicitly impose on the claimant the burden of furnishing evidence supporting the existence of a condition and the effect of that condition on the claimant's ability to work on a sustained basis. While the hypotheticals posed to vocational experts by an ALJ during the RFC analysis "must reflect all of a claimant's impairments that are supported by the record," Chrupcala v.

4

<u>Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987), a condition that does not result in any functional impairment is not relevant to the RFC analysis. The ALJ's conclusion that the medical record did not show that Wimberly's weight resulted in any functional limitation is supported by substantial evidence, and therefore the hypotheticals posed during the RFC analysis adequately reflected all of claimant's impairments.

Finally, we will not consider Wimberly's due process claim based on inaudible omissions found in the hearing transcript because he failed to raise this issue in the District Court. <u>Krysztoforski v. Chater</u>, 55 F.3d 857, 860-61 (3d Cir. 1995). The force of <u>Krysztoforski</u> is unaffected by the Supreme Court's decision in <u>Sims v. Apfel</u>, 530 U.S. 103 (2000). The holding in <u>Sims</u> that a Social Security claimant is not barred from presenting arguments to the courts that were not raised in administrative proceedings does not extend to arguments not presented in adversarial proceedings in the District Court. <u>See generally</u> <u>Gass v. Virgin Islands Telephone Corp.</u>, 311 F.3d 237, 246 (3d Cir. 2002).

For the above reasons, we affirm.