**George M. CRAIGIE, Appellant,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services.**

No. 87–5197.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Sept. 29, 1987.

Decided Oct. 1, 1987.

William G. Schwab, Lehighton, Pa., for appellant.

James J. West, U.S. Atty., Frederick E. Martin, Asst. U.S. Atty., M.D. Pa., Lewisburg, Pa., Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst. Regional Counsel, Dorothea Lundelius, Asst. Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., for appellee.

Before SEITZ, GREENBERG, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter is on appeal to this court from an order for summary judgment upholding the administrative denial of disability insurance benefits under the Social Security Act to appellant George M. Craigie who challenged the denial in an action in the district court. We have carefully reviewed the record and briefs and have concluded that inasmuch as the administrative findings are supported by substantial evidence the order for summary judgment must be affirmed.

Craigie filed his application on October 16, 1984, alleging an inability to work since August 15, 1981 due to disabling nerve damage and problems with his back and legs. After his application was rejected, Craigie asked for and obtained a hearing before an administrative law judge who, on June 13, 1985, issued a decision that Craigie was not entitled "to a period of disability or to disability insurance benefits" as he has not been under a disability as defined in 42 U.S.C. § 423(d)(1)(A). After Craigie's request for review by the Appeals Council was rejected, he brought this action against the Secretary of Health and Human Services in the district court. The parties made cross-motions for summary judgment which were referred to a magistrate who filed a report recommending that Craigie's motion be denied and the secretary's be granted. The district judge adopted the report and on February 13, 1987 entered summary judgment for the secretary. Craigie appeals from that order.

In rejecting Craigie's claim the administrative law judge went through the sequential application of the five-point analysis set forth in 20 C.F.R. § 404.1520. Craigie's application was rejected because the judge was not persuaded that Craigie was totally precluded from performing light and sedentary exertional chores and he was capable of performing work which exists in significant numbers in the national and regional economies. *See* 42 U.S.C. § 423(d)(2)(A). He further indicated that while Craigie's medically demonstrable impairments have prevented him from engaging in his past relevant work, this did not bar him from other substantial gainful activity.

We have reviewed this matter mindful that we must affirm if the conclusion reached in the administrative proceeding is supported by substantial evidence. 42 U.S.C. § 405(g); *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir.1986). Here it clearly is. Dr. Vincent D. Stravino, who treated Craigie and is a specialist in physical medicine and rehabilitation, in his report of November 17, 1981 indicated that he believed, depending upon his progress, that Craigie would be able to return to his previous job as a machinist. In a report of February 24, 1982, Stravino indicated that while he doubted Craigie could return to his previous job he "is certainly employable at some position." By March 24, 1982 Craigie had made enough progress that Stravino said that it was possible he might be able to work as a machinist. Stravino's report of May 27, 1982 said Craigie was employable with some restrictions governing excessive bending and lifting. On August 8, 1983 Stravino said Craigie could function at a low level performing sedentary to light employment. On January 4, 1984 Stravino found he was "symptomatic but functioning OK." On April 2, 1985 Dr. Stravino found that Craigie was stable. Thus, though it is obvious from Stravino's examinations that Craigie has suffered some impairment, his conclusions support the result reached by the administrative law judge.

We recognize, of course, that Craigie's complaints were largely based on the pain he claimed to have suffered. However, these complaints were not given complete credence by the administrative law judge and we do not see why he erred in this. The judge rejected the claims of pain only when they failed to persuade him that Dr. Stravino's assessment of Craigie's residual capacity was incorrect.

We have not overlooked the fact that Joseph A. Szuhay, a vocational expert, supported Craigie's claim that he could not perform sedentary or light work. But this opinion was based in part on symptoms described by Craigie. Inasmuch as the ad-

ministrative law judge did not have to accept Craigie's testimony, he did not have to credit the expert testimony that was predicated upon it. In fact, based on Craigie's reduced functional capacity, but without consideration of all the symptoms described by Craigie, Szuhay indicated there were about 200 jobs in the light exertional category within his capabilities in his region. This is a clear indication that there exists in the national economy other substantial gainful work which Craigie can perform. *See Dumas v. Schweiker,* 712 F.2d 1545 (2d Cir.1983).

In view of the aforesaid and our overall examination of the record, we cannot say that the administrative law judge erred. Consequently, the order for summary judgment of February 13, 1987 will be affirmed.