Karen L. DECARLO, Appellant,

v.

Joanne B. BARNHART, Commissioner of Social Security.

No. 04–1388.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 16, 2004.

Decided Dec. 2, 2004.

Glenn S. Sinko, Pittsburgh, PA, for Appellant.

Heather Benderson, Philadelphia, PA, for Appellee.

Before McKEE and CHERTOFF, Circuit Judges, and BUCKWALTER, District Judge.*

## OPINION

McKEE, Circuit Judge.

Karen DeCarlo asks us to review the district court's affirmance of the Social Security Administration's denial of her claim for disability insurance benefits. We conclude that the Commissioner's decision was supported by substantial evidence and that the Administrative Law Judge posed a properly phrased hypothetical question to the vocational expert. Accordingly, we will affirm.

### I.

Since we write only for the parties, it is not necessary to recite the facts of this case except insofar as may be helpful to our brief discussion. Karen DeCarlo stopped working in July 1997 after she injured herself while working as a delivery room nurse. (A.R. 451). An MRI of her cervical spine in August 1997, revealed a small right parcentral herniated nucleus pulposus at C6–7 with minimal underlying cord deformity; small paracentral disc osteophyte complex at C5–6 with minimal cord deformity; and minimal neural foraminal stenosis at left C3–4. (A.R.194). An MRI of her brain taken at that same time was unremarkable. (A.R.193).

DeCarlo's claim for disability benefits was denied at the initial level of administrative review. DeCarlo and a vocational

---

* Honorable Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

expert testified on appeal before the ALJ. The ALJ issued a decision denying DeCarlo's claim, and DeCarlo appealed to the United States District Court for the Western District of Pennsylvania. The district court affirmed and granted the Commissioner's motion for summary judgment. This appeal followed.

## II.

We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We conduct a de novo review of the district court's order for summary judgment, and will only reverse if the ALJ's findings were not supported by "substantial evidence." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir.1984). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.1995)).

To establish an entitlement to social security disability benefits, a claimant must demonstrate the existence of a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity.'" *Plummer*, 186 F.3d at 427–428. A claimant is considered unable to engage in "substantial gainful activity" if the claimant suffers from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A). A claimant is only considered unable to engage in any substantial activity "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Plummer*, 186 F.3d at 427–428.

The ALJ utilizes a five-step analysis to evaluate eligibility for disability benefits. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in a "substantial gainful activity;" (2) if not, whether the claimant suffers from a "severe impairment;" (3) if the claimant has a severe impairment, whether the impairment falls on the list of impairments presumed to be severe enough to preclude gainful work, as listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) whether the claimant's impairments prevent the claimant from performing her past relevant work; (5) if the claimant is incapable of resuming her former occupation, whether the claimant is capable of performing other jobs existing in significant numbers in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he/she is unable to return to previous employment (steps 1–4). *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

Here, the ALJ followed the five-step analysis in determining that DeCarlo suffers from "severe impairments," including cervical disc disease, status post C5, 6 and 7 facet rhizotomy, and depression. However, the ALJ concluded that these impairments nonetheless permit DeCarlo to perform jobs that involve "light work." Accordingly, the ALJ found that DeCarlo is not entitled to receive disability benefits.

DeCarlo presents two issues for appeal. She asserts that: (1) the ALJ erred in step two of the five-step analysis by not finding that her headaches constitute a severe im-

pairment; and (2) the ALJ erred in step five by not posing a hypothetical question that included headaches as a limitation. We will address each assignment of error in turn.

## A. Step Two–Severe Impairment

■ DeCarlo argues that the district court erred in finding that her headaches did not constitute a severe impairment. According to 20 C.F.R. § 404.1521(a), an impairment (or combination of impairments) is not severe if it does not significantly limit a claimant's physical or mental ability to perform basic work activities. Basic work activities are defined as the abilities and aptitudes necessary to do most jobs, including walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. *See* 20 C.F.R. § 404.1521(b)(1).

The ALJ determined that DeCarlo's headaches did not constitute a severe impairment because her MRI was negative and because neither her treating nor examining physicians placed any restrictions on her as a result of her headaches.

In challenging the ALJ's treatment of her negative MRI, DeCarlo argues: "[s]urely, the ALJ does not believe that disabling headaches cannot be present in the absence of a positive MRI scan of the brain." She claims that the negative brain scan merely confirms that the ventricles and cortical sulci have a normal appearance and that there is no evidence of intracerebral hemorrhage. (A.R.57). DeCarlo may be correct in stating that a negative MRI, standing alone, cannot conclusively rule out the presence of disabling headaches. However, as we discuss below, the negative MRI was not the only reason for the ALJ's decision. The ALJ also relied upon the fact that neither her treating physician nor her examining physician placed specific restrictions upon DeCarlo despite her complaints about headaches.

The ALJ thus found no indication that the headaches would limit DeCarlo's ability to work.

DeCarlo has been examined by at least four different physicians and various occupational and physical therapists since she was first injured in 1997. They noted that DeCarlo complained of headaches. (A.R. 274–75, 452–53, 483, 557, 559). However, *none* of them indicated the headaches affected DeCarlo's ability to work. It was certainly not improper for the ALJ to note this omission because it strongly suggests that DeCarlo's headaches did not limit employment.

## B. Step Five–Hypothetical Question

■ DeCarlo's second argument is that the ALJ failed to consider all of the limitations resulting from her headaches when posing hypothetical questions to the vocational expert. At step four of the five-step analysis, the ALJ determined that DeCarlo no longer had the capacity to engage in her past relevant work as a delivery nurse because of severe impairments other than her headaches and insomnia. Once the evidence established that DeCarlo cannot perform her past relevant work, the burden shifted to the Commissioner to establish other jobs in significant numbers in the national economy that the claimant can perform given her medically determinable limitations, age, education and work experience. 20 C.F.R. § 416.920(f).

A hypothetical question posed to a vocational expert must specify all of a claimant's impairments *that are supported by the record. Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir.1987) (emphasis added). Since DeCarlo's subjective complaints of disabling headaches are not supported by objective medical evidence in the record, the ALJ was not required to include them in the hypothetical question he posed to the vocational expert. *See Crai-*

*gie v. Bowen,* 835 F.2d 56, 57–58 (3d Cir. 1987) (explaining that an ALJ does not have to accept a claimant's personal description of symptoms as objective medical evidence); *see also Burns v. Barnhart,* 312 F.3d 113, 123 (3d Cir.2002) (finding that the question posed to the vocational expert must include impairments supported by "medically undisputed evidence in the record.")

## III. CONCLUSION

For the reasons stated above, we conclude that the record contains substantial evidence supporting the ALJ's findings. Accordingly, we will affirm the order of the District Court.