NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1932

JARON M. BREEN,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-05194)
District Judge: Honorable Mary A. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Opinion filed: November 14, 2012 )

OPINION

AMBRO, Circuit Judge

Appellant Jaron M. Breen was denied income and benefits under the Social

Security Act ("SSA") by the Commissioner of Social Security ("Commissioner").  Breen

sought review in the District Court, which entered an order affirming the Commissioner's decision as supported by substantial evidence. For the reasons that follow, we affirm.

## I. Background

Pursuant to the SSA, Breen applied for Supplemental Security Income and Adult-Child's Disability Benefits (in December 2008 and April 2009, respectively) based on his diagnosed Asperger's syndrome, an autism spectrum disorder.

After the state agency denied his benefits, Breen requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Breen testified regarding his academic record and extracurricular activities, and both Breen and his father provided testimony regarding the difficulties and limitations Breen experienced due to his Asperger's syndrome. Breen also submitted several reports authored by psychologist Robert J. Rosenthal, Ph.D., who had been treating Breen for his Asperger's syndrome since May 2006. These reports included both Dr. Rosenthal's opinions on areas in which Breen's functional capacity was limited and Dr. Rosenthal's assessment of challenges Breen was likely to face as he prepared for higher education and work. The ALJ also heard from an independent vocational expert, who testified that (i) there were a number of jobs that could be performed by an individual with Breen's age, education, past work history, and functional limitations, and (ii) were available in significant numbers in both the regional and national economies.[1]

---

[1] We note the vocational expert's testimony regarding jobs Breen could perform contained certain errors, *i.e.*, he provided an arguably incomplete description of the position and requirements of a laundry worker job and incorrectly cited a bench worker job as an "SVP 2" while the correct designation is an "SVP 3." Because the expert's

In March 2010, the ALJ issued a decision denying Breen's application. The ALJ found that while Breen had the severe impairment of Asperger's syndrome, the record evidence and hearing testimony established that he retained the residual functional capacity to perform the type of limited work and representative occupations described by the vocational expert, thus concluding that Breen was not disabled within the meaning of the SSA because he could perform a significant number of jobs in the economy. Breen then petitioned the Appeals Council, which denied review and thus made the ALJ's decision the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a).

Having exhausted his administrative remedies, Breen sought review of the Commissioner's final decision in the United States District Court for the Eastern District of Pennsylvania. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). On cross-motions for summary judgment, the District Court entered judgment for the Commissioner, finding the ALJ's decision was supported by substantial evidence. This timely appeal followed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

testimony was accurate as to the hand packer job—with respect to both the position's requirements and Breen's abilities to perform such work—and he indicated there were 2,000 and 100,000 such positions regionally and nationally, respectively, such errors are immaterial. *See Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987) (holding 200 jobs in the regional economy was "a clear indication that there exists in the national economy other substantial gainful work"); 20 C.F.R. §§ 404.1566(b), 416.966(b) (explaining work exists in the national economy when there is a significant number of jobs in one or more occupations which an individual can perform).

3

"Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Mercy Home Health v. Leavitt*, 436 F.3d 370, 380 (3d Cir. 2006) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### III. Discussion

The SSA authorizes the Commissioner to pay benefits to disabled persons. 42 U.S.C. §§ 423, 1382. It defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). An individual cannot engage in "substantial gainful activity" if he "cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether . . . a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* § 423(d)(2)(A).

The Commissioner applies a five-step test to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In the first four steps, which are not at issue in this case, the Commissioner considers the medical severity of the claimant's impairments and determines his residual functional capacity. *See Poulos v.*

4

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007).[2] At the fifth step, the burden

shifts to the Commissioner to show "that the claimant is able to perform work available

in the national economy." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). To meet this

burden, "[t]he ALJ must show there are . . . jobs existing in significant numbers in the

national economy which the claimant can perform, consistent with h[is] medical

impairments, age, education, . . . and residual functional capacity." *Plummer v. Apfel*,

186 F.3d 422, 428 (3d Cir. 1999).

Breen contests the ALJ's fifth-step determination that he could perform a

significant number of jobs in the economy, arguing that the residual functional capacity

found by the ALJ failed adequately to consider Breen and his father's testimony and

misapplied Dr. Rosenthal's assessments, and that the vocational expert's testimony is not

"substantial evidence." We find these arguments unavailing, as our review of the record

establishes that the ALJ gave appropriate consideration to the hearing testimony, the

reports of Dr. Rosenthal, and the vocational expert's opinion in reaching a residual

functional capacity finding that took into account Breen's pace, functional, and social

limitations.

First, the ALJ accepted Breen and his father's testimony as credible, noting

Breen's college attendance, good grades in challenging courses, and participation in a

number of social activities. The ALJ further considered Breen's own perception of his

social and academic-related shortcomings, as well as his father's impression of Breen's

---

[2] Because Breen has never engaged in "substantial gainful activity," he has no past
relevant work and, therefore, is deemed to have satisfied his burden of establishing a
*prima facie* case of disability. *See Markle v. Barnhart*, 324 F.3d 182, 185 (3d Cir. 2003).

limitations. The ALJ's consideration of Breen's testimony regarding his school attendance and activities as one probative factor in the disability determination was proper. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). And, as recognized by the District Court, there is no evidence in the record to support Breen's contention that the ALJ took comments out of context or distorted his and his father's offered testimony.

Nor does the record indicate the ALJ misapplied Dr. Rosenthal's opinions. The final responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner, 20 C.F.R. §§ 404.1546(c), 416.946(c), and on such issues even "treating source opinions . . . are never entitled to controlling weight or special significance," SSR 96-5p, 1996 WL 374183 (July 2, 1996).[3] Nonetheless, the ALJ thoroughly discussed and properly evaluated Dr. Rosenthal's reports and afforded his views significant weight. Regarding the functional capacity assessments, the ALJ accounted for Breen's limitations by making a residual functional capacity finding that Breen could work in jobs that were self-paced, involved simple tasks and few changes, and required only minimal interaction with others. The ALJ also considered Dr. Rosenthal's educational evaluation, and noted the ultimate recommendation that Breen seek job training clearly indicated Dr. Rosenthal believed Breen was, in fact, capable of working.

---

[3] While treating medical source opinions may be afforded controlling weight on issues such as the nature and severity of a claimant's impairment, 20 C.F.R. § 404.1527(c)(2), opinions on issues reserved to the Commissioner—*i.e.*, a claimant's residual functional capacity—are not entitled to "any special significance" regardless of the source of the opinion, *id.* (d)(2)–(3).

Finally, the ALJ's reliance on the testimony of the vocational expert was appropriate and provided adequate evidence to support the conclusion Breen could perform jobs significantly available in the economy. Breen's critique of the ALJ's hypothetical question on which the expert based his testimony is unpersuasive, as we conclude the ALJ satisfied the requirement that the hypothetical question here includes consideration of all credibly established functional limitations. *See Plummer*, 186 F.3d at 431. Breen's assertion that he lacks the necessary judgment to perform the unskilled occupations identified by the vocational expert is similarly unconvincing, both because the expert indicated that only minimal judgment was required to perform those jobs and because Breen's ability to excel in challenging college courses undermines such a claim.

After considering the evidence, the ALJ ultimately determined that Breen could perform work in the national economy despite his impairment, and thus had failed to establish he was disabled within the meaning of the SSA. While Breen claims to attack the ALJ's decision based on legal error, in reality he simply appears to disagree with the ALJ's assessment of the evidence and her determination based on that evidence. The question before us, however, is not whether we agree with the ALJ's decision but rather whether there was substantial evidence to support it. We conclude that there was, and thus the Commissioner satisfied his burden at step five of the disability determination. Accordingly, we affirm the judgment of the District Court.