

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# Trauterman v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Trauterman v. Comm Social Security" (2008). *2008 Decisions*. Paper 391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  07-4353
_____

NANCY TRAUTERMAN,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-01482)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2008

Before: FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed:October 8, 2008)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Nancy Trauterman appeals the District Court's judgment affirming the decision of an Administrative Law Judge (ALJ) denying her claim for Social Security Disability Insurance Benefits and Supplemental Security Income. We will affirm.

I.

Because we write exclusively for the parties, we will not recount the facts or procedural history of the case, both of which are well known to the parties.

Trauterman raises two issues on appeal. First, she claims that the ALJ erred when he found that her depression was not "severe" at Step 2 of the sequential evaluation process. In support of this argument, Trauterman cites medical records of her primary care physician, John Schibli, D.O., who noted that Trauterman's physical pain and fibromyalgia were "augmented" by her "mental status" or "depressive symptomology." Trauterman also cites Dr. Schibli's observation that she was never going to return to work because of the combination of her fibromyalgia and depression.

We begin by noting that Trauterman did not mention depression in her initial disability report. This is consistent with the fact that Trauterman testified at the hearing that she did not have any kind of mental or emotional problem that caused her to seek treatment from a mental health professional. Although she testified that she was somewhat depressed, Trauterman said she did not need medication at the time of the hearing. Finally, and most significantly in our view, depression was not among the

2

several medical diagnoses made by Dr. Schibli in his assessment of September 28, 2004 or in the two addenda thereto submitted by Dr. Shipton soon before Trauterman's hearing. Accordingly, we find that substantial evidence supports the ALJ's finding that Trauterman's depression was not "severe" at Step 2 of the sequential evaluation process.

Trauterman attempts to counter the aforementioned substantial evidence by noting errors by the ALJ and the District Court. Trauterman claims that after citing the word "Lexapro," the ALJ erroneously found that there was no evidence that Trauterman was prescribed medication. In fact, the ALJ stated merely that the April 2004 notation "Lexapro" does not indicate that it was prescribed "at that time." A few sentences later, the ALJ noted that Trauterman was prescribed Lexapro and that her dosage was increased from 10 to 20 mg.

As for the District Court's opinion, we agree with Trauterman that it was a *non sequitur* to suggest that findings by Trauterman's treating physicians related to "matters reserved to the Commissioner." Mem. Op. at 21. When the District Court's comprehensive opinion is reviewed *in toto,* however, we cannot agree that this constitutes reversible error.

At various points in its opinion, the District Court accurately differentiated that which is reserved to the Commissioner from that which is not. For example, at page 15 of its Memorandum Opinion, the District Court stated that the ALJ is required to "accord treating physicians' reports great weight, especially when their opinions reflect expert

3

judgment based on a continuing observation of the patient's condition over a prolonged period of time." Mem. Op. at 15 (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)) (citation omitted). Likewise, at page 16, the District Court accurately cited the regulations that highlight the difference between deference that is due medical opinions regarding a claimant's impairments on the one hand and opinions reserved to the Commissioner, such as "disabled" or "unable to work" on the other hand.

In addition, we find it significant that immediately following the first sentence of its first full paragraph on page 21 (which Trauterman has aptly criticized), the District Court articulated the proper standard, citing *Adorno v. Shalala*, 40 F.3d 43 (3d Cir. 1994). The District Court then proceeded to quote at length the ALJ's decision. Mem. Op. at 22-23. Our independent review of the ALJ's opinion confirms that the District Court correctly concluded that substantial evidence supported the ALJ's conclusion that Trauterman's depression was not "severe."

## II.

In her second argument, Trauterman claims that the ALJ erred as a matter of law by requiring objective evidence of fibromyalgia. Trauterman cites our decision in *Chrupcala v. Heckler*, 829 F.2d 1269 (3d Cir. 1987), which supports the proposition that the symptoms of fibromyalgia are subjective. She then argues that the ALJ erroneously believed that a claim of disability based on fibromyalgia can be denied because of the

lack of objective evidence. These arguments are based on a distortion of the ALJ's decision.

The fatal flaw in Trauterman's second argument is the fact that her claim of disability is not attributed exclusively to fibromyalgia. In addition to his diagnosis of fibromyalgia, Dr. Schibli found that Trauterman suffered from cervical spine disc herniation, lumbar spine degenerative joint disease, and carpal tunnel syndrome. In light of these diagnoses, it was quite appropriate for the ALJ to consider the objective medical evidence of record. After doing so, the ALJ found that Dr. Schibli's diagnosis of cervical spine disc herniation was contrary to Trauterman's January 2004 cervical MRI. The ALJ also found that the lumbar spine degenerative joint disease was confirmed to be "minimal" and "mild" based on the lumbar MRI. After our independent review of the record, we find that these conclusions are supported by substantial evidence.

The ALJ also concluded that Trauterman's activities of daily living and subjective complaints of pain were, in some respects, contrary to the medical evidence. These findings are supported by substantial evidence for the reasons articulated by the ALJ at pages 17 and 25 of the record. Accordingly, we cannot agree with Trauterman's argument that the ALJ misapprehended the nature of fibromyalgia and applied the incorrect legal standard.

For the foregoing reasons, we will affirm the judgment of the District Court.

5